## ELECTRIC FURNACE CO. v. FIRE ASS'N OF PHILADELPHIA.

### Clv. No. 26107.

United States District Court
N. D. Ohio, E. D.

Feb. 15, 1950.

Jas. C. Davis, Squire, Sanders & Dempsey, Cleveland, Ohio, for plaintiff.

Robert G. McCreary, Jr., Leckie, McCreary, Schlitz & Hinslea, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action to recover damages for breach of an insurance policy.

Plaintiff moves for production and inspection of letters written by defendant and addressed to the W. M. Mortimer Company which requested the Mortimer Company to investigate the loss suffered by plaintiff and for production and inspection of all reports made by the Mortimer Company which contained the results of its investigation.

Previously, plaintiff served interrogatories on defendant and asked that copies of these reports be attached to the answers. An objection was sustained D.C., 9 F.R.D. 741, to the production of the documents by use of Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., and plaintiff was referred to Rule 34. However, defendant

1. No opinion for publication.

did, in its answers to the interrogatories, summarize the contents of the reports. Now that plaintiff has followed the Court's suggestion, and moved for production under Rule 34, defendant objects on the ground that the answers to the interrogatories obviate the necessity of production of the reports in that plaintiff now has all the information contained therein.

No case has been found which deals directly with the question here presented, but there are some cases which are closely analogous. In Bruun v. Hanson, D.C., 30 F.Supp. 602, it was held that the fact that the party seeking discovery of documents had learned of their contents by a bill of particulars did not prevent the discovery of the documents; and in Leach v. Grief Bros., D.C., 2 F.R.D. 444, it was held that the fact that both parties had the information contained in the desired documents would not prevent their discovery, because if both sides had the documents, lengthy cross-examination would be avoided, and perhaps some of the issues might be eliminated. The production of the reports in this case will have the same effect. If plaintiff can examine the documents, it may be it will decide that defendant had no independent knowledge of the loss sustained by plaintiff, and thus eliminate one issue entirely, and probably shorten cross-examination considerably.

Furthermore, use of one of the Rules such as 33, does not preclude use of all the others, such as 34. They are of course somewhat related but unless complete and exhaustive disclosure of every facet of information has been obtained by one of the rules, a party may choose to abandon one method of discovery and follow the procedure under another rule which he believes will afford greater disclosure of material facts. The rules are pretty broad where information is sought.

In this case plaintiff has by use of interrogatories discovered some very relevant information contained in certain reports. However, revealing this information is, it still is an edited (no doubt carefully) summation of the reports by the defendant. Since the reports as shown by the answers to the interrogatories do contain information relevant to plaintiff's claim, it would seem that plaintiff ought not to be made to rely on defendant's interpretation of the reports but should be given an opportunity to view the reports in their entirety.

The case of Hickman v. Taylor, 329 U. S. 495, 67 S.Ct. 385, 91 L.Ed. 451, is not controlling here. In that case complete and exhaustive discovery had been had, which is not clearly evident in this action. Since plaintiff is entitled to the information, and since it is relevant to the issues of this action, and it cannot be obtained except by use of this rule, it is my conclusion that good cause has been shown and the motion for discovery will be sustained.