Normenia B. SOWERS, Administratrix of
the Estate of Clair R. Sowers,
Deceased,

v.

GENERAL MOTORS CORPORATION
and Fleet Carrier Corporation.

Normenia B. SOWERS, Administratrix of
the Estate of Anita Louise Sowers,
a minor, deceased,

v.

GENERAL MOTORS CORPORATION
and Fleet Carrier Corporation.

John SOWERS, Rosie Sowers and Barbara Jean Sowers, minors by their parent and natural guardian, Normenia B. Sowers and Normenia B. Sowers, in her own right,

v.

GENERAL MOTORS CORPORATION
and Fleet Carrier Corporation.

Normenia B. SOWERS, Administratrix of
the Estate of Clair B. Sowers,
Deceased,

v.

Kenneth WYMER.

Civ. A. Nos. 16265, 16280, 16308, 16957.

United States District Court,
E. D. Pennsylvania.

Nov. 17, 1954.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiffs.

John F. Donohue, Philadelphia, Pa., for defendants.

WELSH, District Judge.

In these actions, plaintiffs are seeking the depositions of the defendant, Ken-

neth Wymer, driver of a vehicle owned by the corporate defendants. The defendants are unwilling to have the driver, a resident of Pontiac, Michigan, appear for depositions here, Philadelphia, Pennsylvania, unless all of the travel expenses and wages lost by the driver while attending the depositions are paid by the plaintiff. The matter is before the Court on plaintiffs' motion under Fed.Rules Civ.Proc. rule 26, 28 U.S.C., to compel the driver to appear for depositions.

A determination of the question of whether or not a party is obliged to pay the transportation costs and lost wages of an individual whose depositions are sought rests in the sound discretion of the Court, and how the Court exercises the discretion lodged in it depends on the facts and circumstances of a particular case. The plaintiffs in urging that the Court exercise its discretion in their favor advance the following facts:

1. The depositions of the driver are being sought at the place where plaintiffs commenced their action;

2. All of the plaintiffs reside in this District;

3. This is the District where the accident happened and where other witnesses are to be found, and

4. Plaintiffs are a destitute widow and her three minor children, the oldest of which is ten years of age.

The defendants, on the other hand, urge the following facts in their favor:

1. The transportation costs and wages lost will be borne by the driver and not the corporate defendants;

2. The information sought from the driver can be obtained equally as well by interrogatories, and

3. Plaintiffs can refer the matter to counsel at the residence of the operator, namely, Pontiac, Michigan.

In our judgment the facts favor the plaintiffs and we accordingly grant plaintiffs' motion under Rule 26.

An appropriate order will be prepared and submitted.