**John CHATMAN, Plaintiff,**

v.

**AMERICAN EXPORT LINES, Inc., Defendant and Third Party Plaintiff,**

**James M. COPELAND, Third Party Defendant.**

United States District Court
S. D. New York.
July 25, 1956.

William L. Standard, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendants, J. Ward O'Neill, of counsel.

DIMOCK, District Judge.

Defendant excepts to 84 of the 93 interrogatories propounded by plaintiff in this seaman's personal injury action. I shall consider the objections seriatim.

■■ 1. Defendant's first objection is a general one, addressed to many of the interrogatories, that the information requested has already been made available to plaintiff through a motion for discovery and inspection, previously granted by Judge Murphy. It is undoubtedly true that a duplication of data will result from requiring answers to interrogatories on the same facts to be found in the documents defendant produced for plaintiff's inspection. This, however, does not preclude plaintiff's utilization of both methods. Rules 33 and 34 Fed.Rules Civ.Proc., 28 U.S.C.A., serve different functions. Defendant's answers to interrogatories via rule 33 give facts as it sees the facts, and have the effect of admissions. Production of documents pursuant to rule 34 gives plaintiff the primary source material without any limitation, explanation, or interpretation by defendant. In the absence of proof of harassment and oppressive burden, a party may utilize both rules. Electric Furnace Co. v. Fire Ass'n, D.C.N.D.Ohio, 10 F.R.D. 152; 4 Moore, Federal Practice, p. 2288 (2nd ed. 1950); cf. Woods v. Robb, 5 Cir., 171 F.2d 539, 541. The general allegation of harassment in the affidavit of defendant's counsel is far from convincing. Moreover, if defendant is correct in its statement that duplication results, defendant would have been required to seek out many of these documents, even absent plaintiff's earlier motion for discovery and inspection, in order to answer these interrogatories. Little additional burden upon defendant therefore results from permitting plaintiff to have the benefit of both rules.

2. Defendant objects to interrogatory number 22 which requests the substance of each conversation between plaintiff and any person who is alleged to have obtained a statement from him.

■■ It must first be noticed that plaintiff does not ask for a copy of statements, which under rule 34 would require a showing of good cause. Plaintiff is proceeding under rule 33 which does not require a showing of good cause.

This is permissible. 4 Moore, Federal Practice, pp. 1146–47.

██ Even were I to treat plaintiff's demand as made pursuant to rule 34 for a copy of any statement he has made to defendant, he would be entitled to obtain it. There is no reason, beyond the possible benefit to defendant of surprise, why plaintiff's statement should not be produced. The purpose of the federal rules is to avoid the element of surprise by requiring full disclosure. Hickman v. Taylor, 329 U.S. 495, 501, 507, 67 S.Ct. 385, 91 L.Ed. 451; Hayman v. Pullman Co., D.C.N.D.Ohio E.D., 8 F.R.D. 238; 4 Moore, Federal Practice, pp. 1147–49.

█ 3. Defendant objects to interrogatory number 32 which seeks the names of any persons from whom defendant has obtained a statement relevant to this action. To obtain copies of such statements, plaintiff would have to show good cause. Rule 34. But plaintiff need not show good cause to obtain information as to "the existence, [and] description * * * of any * * * documents * * *." Rule 26(b). Statements of witnesses are such documents. Jones v. Pennsylvania R. Co., D.C.N.D. Ill.E.D., 7 F.R.D. 662, 663.

█ 4. In interrogatory number 35, plaintiff asks defendant to state what acts defendant relies upon for its defense of contributory negligence. This is nothing more than used to be asked in a bill of particulars in a negligence action. Interrogatories are one of the devices intended to take the place of a bill of particulars. Defendant's objection to this interrogatory is overruled.

5. Defendant's specific objection to interrogatory number 35 is a repetition of its first general objection that plaintiff has already received the information in the documents defendant produced for his inspection. My discussion of the first objection governs this objection.

Defendant's motion denied in all respects.