Michael ALBANO, Libellant,

v.

UNITED STATES of America, Respondent,

and

Imparato Stevedoring Corp., Respondent-Impleaded.

United States District Court
S. D. New York.

July 7, 1960.

Baker, Garber & Chazen, Hoboken, N. J., Jack Steinman, New York City, of counsel, for libellant.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City, for respondent, Benjamin H. Berman, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, New York City, and Louis E. Greco, Admiralty & Shipping Section, Washington, D. C., of counsel.

William J. Kenney, New York City, for respondent-impleaded, Alexander, Ash & Schwartz, Sidney A. Schwartz, Joseph Arthur Cohen, New York City, of counsel.

METZNER, District Judge.

The respondent excepts to an interrogatory propounded by the impleaded respondent on the ground that such interrogatory is improper.

The libellant seeks to recover damages for personal injuries allegedly sustained while he was lifting an empty pallet in the hold of a vessel owned by the respondent. The impleaded respondent is a stevedoring company and the employer of the libellant.

The interrogatory in question reads as follows:

"2. State with particularity each and every act and/or omission to act on the part of the respondent-impleaded for which it is claimed that the respondent-impleaded is liable to indemnify the respondent herein."

The authorities are split as to the propriety of this interrogatory. Those cases which hold the interrogatory improper are based on the premise that it calls for a conclusion or opinion. The authorities which sustain the interrogatory take the view that the interrogatory calls for nothing more than the details of the claim of the party, which is the purpose of the deposition-discovery procedures.

I am persuaded that the latter position is the correct one. The Federal Rules of Civil Procedure, 28 U.S.C.A., provide for notice pleading and abolished long and technical complaints. Negligence, for example, may be pleaded generally without a specification of particulars. Fed.Rules of Civ.Pro., Appendix, Form 9, 28 U.S.C.A. Particularization of the claims and contentions of a party is a subject for deposition-discovery procedures. 4 Moore's Federal Practice, 2nd Ed., 2310–2312; Chatman v. American Export Lines, D.C.S.D.N.Y.1956, 20 F.R. D. 176; Robinson v. Tracy, D.C.W.D.Mo. 1954, 16 F.R.D. 113. The exception to Interrogatory No. 2 is denied.

Interrogatory No. 1 is disposed of pursuant to the agreement between the parties.

So ordered.