Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for United States.

**Harden D. HART and Mary Jo Hart**

v.

**Julius SIMONS, Dolph Simons and Hortense Simons, individually and trading as Simco Company**

v.

**UNITED STATES of America.**

**Civ. A. No. 27953.**

United States District Court
E. D. Pennsylvania.

Dec. 7, 1961.

VAN DUSEN, District Judge.

And Now, December 7, 1961, after consideration of the above Motion, notice of depositions docketed as Document No. 33, the attached memoranda of counsel, including letters attached to defendants' memorandum, oral argument, and the record, It Is Ordered that plaintiffs' Motion for Payment of Counsel Expenses (Document No. 32) is Denied.

In this personal injury action, in which wife-plaintiff claims damages for electrical shock received from a static bar near which she worked on the ground of negligence and breach of warranty on the part of the manufacturer, her counsel has requested this court to order that his expenses of over $388.00 for a trip to California, where plaintiffs' depositions are to be taken (see Notice of Depositions, being Document No. 33), be paid by defendants. Plaintiffs apparently concede that exceptional circumstances must be shown to justify such an order and rely on these circumstances:

A. The allegation in paragraph 4 of the above Motion that "plaintiffs are poor people who do not have the funds to provide for a trip to Philadelphia, Penn-

sylvania for purposes of taking their depositions. Further, the loss of time from work required by such a trip would cause a serious financial hardship on plaintiffs. Further, the plaintiffs have two young children and a trip East would necessitate an additional burden of placing the children with friends."[1]

B. Counsel for plaintiffs alleged in oral argument that forwarding counsel in California "knows nothing of the case" and is not sufficiently experienced to conduct the deposition.[2]

C. Plaintiffs were required to bring the action here because of the inability to get service on the defendants in California. Cf. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

▮▮▮▮ The decided cases, including those relied on by plaintiffs in their memorandum, establish that a non-resident plaintiff who elects to sue in a foreign forum is required to make himself available to examination for discovery purposes in such forum in the absence of a showing of unreasonable hardship or the presence of exceptional circumstances. See Lawson v. Mathiasens' Tanker Industries, 21 F.R.D. 314 (D.C.E.D.Pa. 1957); Jones v. Pennsylvania Greyhound Lines, 10 F.R.D. 152, 154 (D.C.E.D.Pa. 1950); Slade v. Transatlantic Financing Corporation, 21 F.R.D. 146 (D.C.S.D. N.Y.1957). In the Slade case, supra, which is relied on by plaintiffs in their memorandum, the plaintiff, a citizen and resident of England, was required to come to the forum for his deposition and it was held that defendant "should not be required to pay plaintiff's traveling and living expenses," even though coun-

sel for plaintiff submitted a telegram from his client stating that he was "without funds." In this case, defendants initially requested wife-plaintiff be required to come to the forum for her deposition (see letter of July 20, 1961, attached to defendants' memorandum), but counsel for plaintiffs requested that the deposition be taken in California in order to save his client expense (see letters of August 1 and 10, 1961, attached to that memorandum). The defendants have had to undergo the expense of employing local counsel in California to arrange for and be present at the noticed deposition (see Document No. 33) and this record does not disclose a compelling reason why plaintiffs' trial counsel should have his expenses paid so that he may be present, thereby giving him an advantage over counsel who will be his adversary at the trial since such adversary counsel will not be present. The burden is on plaintiffs to show such exceptional circumstances as to justify the relief they seek, and this record does not sustain that burden, particularly when plaintiffs did not advise defendants of the alleged accident and basis of their claim for a year after such accident so that defendants were unable to make an immediate, first-hand investigation (see page 3 of comment attached to order of January 19, 1961, being Document No. 21).

It is noted that cases involving rulings concerning taking the depositions of witnesses, as opposed to parties, such as Sowers v. General Motors Corporation, 16 F.R.D. 562 (D.C.E.D.Pa.1954), are not necessarily pertinent in a case such as this where a deposition of a party is involved.

---

1. There has been no showing of the financial position or income of the plaintiffs.

2. The letter of November 14, 1961, attached to defendants' memorandum states that forwarding counsel for plaintiffs "advised that he is familiar with the case but as yet had received no authority to arrange for the depositions."