**Edgar L. MATTHEWS, Jr. and Edgar L. Matthews, Sr.**

v.

**Thomas WATSON, Passaic Cliff Drive Yourself System, Inc., Stop and Shop Cos., and Bradlees Inc.**

Civ. No. 88–1948.

United States District Court, E.D. Pennsylvania.

Jan. 4, 1989.

Stephen A. Sheller, Philadelphia, Pa., for plaintiffs.

Thomas J. Duffy, Jr., Philadelphia, Pa., for Stop & Shop Companies, Inc., Watson, Bradlees.

Ralph J. Luongo, Rawle & Henderson, Philadelphia, Pa., for Passaic Cliff Drive Yourself System, Inc.

MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

■ This suit involves a claim for damages for personal injuries by plaintiffs as a result of an automobile accident. Discovery in this case was to have closed on December 1, 1988. Defendants had scheduled plaintiff Edgar Matthews, Jr.'s examination by Dr. Martin Blacker, an orthopedic surgeon, for November 14, 1988, but plaintiff failed to attend, objecting to the selection of Dr. Blacker.

Defendants Thomas Watson, Stop and Shop Companies, and Bradlees Incorporated now move to compel plaintiff Edgar

Matthews, Jr. to attend a medical examination with Dr. Blacker and to extend the time for discovery to allow this examination. Plaintiff objects to the examination, or in the alternative, requests costs and answers to an interrogatory about Dr. Blacker.

Given the nature of the plaintiff's claims, defendants' request for an examination by an orthopedic surgeon is warranted. Federal Rule of Civil Procedure 35(a). Plaintiff, who resides in Glen Burnie, Maryland, objects that the "many hours drive" to Philadelphia for an examination by Dr. Blacker would cause him physical and financial hardship. Plaintiff's memorandum, at 1. However, plaintiff provides no evidence or elaboration of the physical difficulties that travel would impose. Indeed, his request makes it clear that he can and will make the trip if reimbursed for expenses. Similarly, plaintiff only vaguely asserts that he is financially disadvantaged relative to defendants. In sum, plaintiff has failed to show unreasonable hardship or exceptional circumstances sufficient to overcome the general obligation of plaintiffs to travel, at their own expense, to a deposition or examination by defendants in the district in which plaintiffs have filed suit. *See, e.g., Hart v. Simons*, 29 F.R.D. 146 (E.D.Pa.1961); *Costanza v. Monty*, 50 F.R.D. 75 (E.D.Wis.1970). I will therefore grant defendant's motion to extend discovery and to compel plaintiff's examination, without requiring defendant to pay plaintiff's expenses.

Plaintiff also objects to the examination by Dr. Blacker, asserting that Dr. Blacker "customarily finds plaintiffs' injuries to be inconsequential" and is a "professional witness." Plaintiff's memorandum at 2. Plaintiff thus requests answers to an interrogatory about Dr. Blacker's qualifications and previous experience as a witness. Without, of course, any suggestion that testimony resulting from this discovery will necessarily be deemed admissible, I will allow this interrogatory under the liberal standard of discovery allowed by Federal Rule of Civil Procedure 26(b).[1]

Accordingly, it is hereby ORDERED and DIRECTED that:

1) Discovery in this matter is extended to 20 days from the date of this order;

2) Defendants' motion to compel the physical examination of plaintiff by Martin A. Blacker, M.D. is GRANTED; plaintiff Edgar Matthews, Jr. is ORDERED to appear for a medical examination at the office of Martin A. Blacker, M.D. at an hour and day convenient to plaintiff within 20 days of the date of this order; and

3) Defendant is ORDERED to respond to plaintiff's interrogatory within 20 days of the date of this order.

---

**1.** Plaintiff should have sought a protective order and promptly served interrogatories within the discovery period, rather than refusing to attend the examination. However, because the new interrogatory relates directly to the previously contested examination by Dr. Blaker, I will extend the discovery deadline to cover it as well.