No. 22,688.

G. F. TODD, *Appellee,* v. THE PRAIRIE PIPE LINE COMPANY, *Appellant.*

No. 22,689.

J. T. GIBSON, *Appellee,* v. THE PRAIRIE PIPE LINE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. TRIAL—*Improper Cross-examination of Witnesses.* Certain questions asked a witness, to which objections were sustained, are held not to have been within the proper scope of cross-examination.

2. NEGLIGENCE—*Escape of Oil from Pipe Line into Pasture—Damage to Cattle—Competent Witness as to Damages.* A witness who has had some experience with cattle that have drunk and waded in water in which there was crude oil, and has observed how the cattle were affected by it, may testify as to the effect of oil so taken and applied. The value of such testimony depends largely upon the extent of the witness's experience and observation.

3. SAME—*No Error in Instructions to Jury.* Instructions as to the negligence of the pipe-line company in allowing oil to escape from a pipe line laid in a pasture in which cattle were kept and where, it was claimed, the negligent escape of the oil had resulted in injury to the cattle, examined and held to be without error.

4. SAME—*Motion for Judgment on Special Findings Properly Denied.* A ruling of the court refusing to sustain a motion of defendant for judgment on special findings of the jury upheld.

Appeals from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 12, 1921. Affirmed.

*Thomas J. Flannelly,* and *Chester Stevens,* both of Independence, for the appellant.

*Howard J. Hodgson,* and *Homer V. Gooing,* both of Eureka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: G. F. Todd and J. T. Gibson each brought an action against the Prairie Pipe Line Company to recover damages for injury to their cattle through the escape of oil into a pasture where the cattle grazed and through which the defendant's pipe line was laid. The allegations of negligence in the cases being substantially the same, they were tried together and judgment for the plaintiff was given in each case. The defendant appeals, and as the questions raised in the appeals are common, the cases have been submitted together.

The defendant complains of rulings on the admission of evidence, of the instructions given, and of the refusal to give judgment upon the special findings of the jury.

Complaint is made because objections were sustained to questions asked Todd on cross-examination as to whether cattle were not dipped in crude oil or like preparations as a preventive or cure for certain infectious diseases. It appears that there was nothing in the direct examination that warranted the questions asked and therefore the objections were properly sustained.

Error is assigned on the admission of the testimony of two farmers and stockmen as to how cattle are affected by the drinking of water in which there is crude oil. They testified, in effect, that they had had experience with cattle that drank water with oil in it and also with cattle that had gotten oil upon their bodies; and they testified that the effect was noticeable in the excrement from them, and in scouring which resulted in reducing their flesh and taking patches of hair off their bodies. The experience which these witnesses had with cattle in pastures where there was oil in the water and on the ground was somewhat limited, but it was sufficient to make them competent to testify as to the results of such conditions. The value of their testimony, of course, depended upon the extent of their experience and observation, and of this the jury could judge.

Todd v. Pipe Line Co.

Some complaint is made of the instructions, and especially of those numbered six and nine.  The jury were instructed that before the plaintiffs could recover they must prove that their cattle were damaged as a result of drinking and wading in oil or in water contaminated with oil, and that only the damage that resulted directly from the negligence alleged in their petitions could be recovered.  Instruction No. 6 was:

"The negligence of the defendant as alleged by the plaintiffs is that defendant did not properly seal the joints in the pipe, in laying its pipe line and failed to maintain and keep such pipe line in a condition to prevent oil escaping therefrom, but did permit oil to escape from said pipe line and run off into the stock water on the land, and it is for this negligence, and none other, that the defendant would be liable in this case, if at all."

The averments of the petition and the evidence of the plaintiff warranted the giving of this instruction.

In instruction No. 9 the jury were carefully and properly cautioned that—

"The term negligence, as used in these instructions, means a want of ordinary care, that is, such care as an ordinarily careful and prudent person would exercise under the same or similar circumstances."

As will be observed, the court did not intimate that the defendant was required to keep its pipes absolutely oil-tight, or that it would be negligent if any oil escaped.  The diligence required was no more than that which would be exercised by an ordinarily careful and prudent person under similar circumstances, and of this the defendant had no good reason to complain.

Although complained of, we find nothing substantial in the objection to the instruction as to the measure of damages.

There is a further contention that judgment for the defendant should have been rendered upon the special findings of the jury.  It was found that the plaintiffs learned of a leakage from the pipes in March, and prior to the time the cattle were turned into the pasture; and it is claimed that plaintiffs were guilty of contributory negligence in permitting the cattle to remain in the pasture after learning of the leakage.  First, it may be said as to this claim that the defendant did not plead contributory negligence.  Besides, it appears that when plaintiffs learned of the leakage the defendant's attention was called to it, and defendant undertook to stop the leaks

and reported to plaintiffs that the defects had been remedied. A second inspection and an attempt to stop the leakage were made, and plaintiffs, finding that oil still escaped, endeavored to find other pastures, but being unable to secure any, the cattle were taken to the market. If contributory negligence had been an issue in the case it could not be held, under the circumstances, that plaintiffs were guilty of it. No error was committed in overruling defendant's motion for judgment on the special findings, nor in denying the motion for a new trial.

The judgment is affirmed.