## SOLOMON et al v. TEITELBAUM et al.
### Civ. No. 10175.

United States District Court
E. D. New York.
Dec. 8, 1949.

Francis L. Giordano, Brooklyn, N. Y., attorney for plaintiffs.

William McHale, New York City, attorney for Louis Teitelbaum.

Frederick M. Garfield, New York City, attorney for Herman Haimovit and H. Ann Haimovit (Harold M. Harkavy, New York City, of counsel).

BYERS, District Judge.

These are motions by plaintiffs against the defendants who answer separately, to vacate notice of the taking of plaintiffs' respective depositions in this City, in an action in which they seek recovery for rather vague personal injuries said to have been sustained while they were passengers riding in the automobile of the defendants Haimovit, driven by the defendant Weiss. That car is said to have been in collision with a car driven by defendant Teitelbaum, at Elkton, Maryland, on March 18, 1949.

The plaintiffs are residents of Petersburg, Virginia, and all defendants are residents of New York. This means that the cause is here pending by necessity rather than as a matter of choice. The plaintiffs seek (a) to have the examination take place in Petersburg because of the expense they will be put to in coming to this City, and to pay the plaintiffs' attorney for attendance, or (b) to have the defendants pay the plaintiffs' expenses in coming to New York, or (c) that the examination be upon written interrogatories.

The moving affidavits are by the plaintiffs' attorney and reveal no situation comparable to that stated in Sullivan v. Southern Pacific Company, D.C., 7 F.R.D. 206. Nor does it appear why the plaintiffs, having embarked upon this litigation, should not assume all the incidents thereof which the law contemplates.

For failure to meet what is thought to be the necessary basis for exercising the discretion contemplated by Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the motions are denied, and the stays contained in the orders to show cause are vacated.

Settle order.