No. 39,449

Lota Grimm, as Executrix of the Estate of Henry Grimm, Deceased; Lota Grimm, Minnie Cleaver, Henrietta L. Cleaver, by Minnie Cleaver, Her Mother and Next Friend; and Loraine M. Cleaver, by Minnie Cleaver, Her Mother and Next Friend, *Appellees*, v. The Cooperative Electric Power and Light Company, Inc., a Corporation, *Appellant*.

(272 P. 2d 1052)

Opinion filed July 6, 1954.

*Frederick G. Apt*, of Iola, argued the cause, and *Howard M. Immel*, of Iola, was with him on the briefs for the appellant.

*Kenneth H. Foust*, of Iola, argued the cause, and *John O. Foust*, of Iola, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action by landowners against defendant company to recover damages for the destruction of a hedge fence along one side of their farm.

Judgment was rendered upon the jury's verdict in favor of plaintiffs, and defendant has appealed.

The petition, which was filed on May 29, 1953, alleged that on or about June 9, 1952, defendant company sprayed the greater portion of two hundred rods of hedge fence along the west side of plaintiffs' farm for the purpose of killing it so that it would not interfere with defendant's electric power line which ran along adjacent to the hedge, and that as a result of such spraying the hedge died and thus no longer served as a fence. Damages in the amount of $740 were sought.

The answer denied that defendant company had sprayed the hedge on or about the 9th of June, 1952, but admitted that it had sprayed it more than one year prior to June 9, 1951, and alleged

that plaintiffs' pretended cause of action was barred by the applicable two-year statute of limitations. The answer further alleged the execution of a written agreement in 1938 by the then owners of the land and defendant, by the terms of which defendant company was given the right to cut and trim the hedge in question to the extent necessary for the construction, operation, replacement, repair and maintenance of the electric power line. A copy of such written agreement was attached to the answer.

Upon the issues thus joined the parties proceeded to trial by a jury.

Plaintiffs' evidence established the following:

In 1950, and again in the spring of 1951, representatives of defendant company talked to plaintiffs about removing the hedge but no agreement on the matter was ever reached. The hedge "came out normally and green in the spring of 1951," and was sprayed by defendant company after the July 1951 flood. Shortly thereafter the leaves began to turn and fall off, it did not leaf out in the spring of 1952 or 1953, and is now dead and no longer serves as a cattle-tight fence. Although there was a hedge fence along the north side of plaintiffs' farm it was undamaged, and the only hedge affected was that which was adjacent to defendant company's electric power line.

Defendant's evidence consisted only of the testimony of its manager. He testified that defendant company sprayed the hedge in the early part of May 1950, but not afterwards. His testimony left the inference that the "chemical reaction" to the spraying was slow, and that if the hedge was killed it still was the result of the 1950 spraying.

The jury returned a verdict in favor of plaintiffs in the amount of $690, broken down as follows: $240 for the removal of the dead hedge; $250 for the cost of materials in the construction of a new fence, and $200 for labor in the construction of a new fence.

This verdict was approved by the trial court, and judgment was entered thereon.

Defendant's first specification of error is that its demurrer to plaintiffs' evidence should have been sustained. The substance of this evidence has already been set out and will not be repeated. It is sufficient to say that it made out a prima-facie case sufficient to go to the jury.

Next it is argued that the court erred in overruling defendant's motion for judgment notwithstanding the verdict. This was essen-

tially a fact case. Plaintiffs' evidence established that defendant company sprayed the hedge shortly after the July 1951 flood. Defendant denied that the hedge was sprayed at any time subsequent to the early part of May 1950. This disputed fact was properly submitted to the jury for determination.

Defendant complains of instruction No. 4 given by the court, in which the jury was instructed that the written agreement entered into in 1938 did not give defendant the right to spray and kill the hedge in question, but only gave it the right to cut and trim to the extent reasonably necessary for the maintenance of its transmission line. This instruction was entirely proper and in harmony with the provisions of that agreement.

And, finally, it is contended that the trial court erred in rendering judgment in favor of plaintiffs and in overruling defendant's motion for a new trial. These contentions are likewise without merit and may not be sustained. The entire question of who sprayed the hedge, and when, was properly submitted to the jury, and by its verdict all disputed questions of fact were resolved in favor of plaintiffs. An examination of the record before us discloses no error, and the judgment is therefore affirmed.