**Edmund MAHER and Zelora Maher, Appellants,**

v.

**CITIES SERVICE PIPE LINE COMPANY, a corporation, Appellee.**

**No. 6412.**

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1960.

**314**

Fred R. Vieux, Augusta, Kan., for appellants.

J. B. McKay, El Dorado, Kan., and R. O. Mason, Bartlesville, Okl., (Gentry Lee, Bartlesville, Okl., F. H. Bacon, St. Louis, Mo. and James B. McKay, Jr., El Dorado, Kan., were with him on the brief), for appellee.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this diversity action the appellants-plaintiffs appeal from a judgment entered upon a directed verdict in favor of appellee-defendant, Cities Service Pipe Line Company. The action was to recover damages for injury to real estate allegedly caused by oil leakage from a pipeline and by misconduct in removing and replacing a pipeline. The trial court held that the action was barred by the two-year Kansas statute of limitations.[1]

The first difficulty in this case is confusion as to the issues. The simple complaint includes "a short and plain statement of the claim" as required by Rule 8(a) (2), F.R.Civ.P. 28 U.S.C.A., but in so doing it appears to assert two claims in one count. The first is neglect in repair of oil leaks after notice thereof and the second is misconduct in the removal and replacement of a pipeline. It is alleged that the leakage "caused considerable permanent damage to said real estate." By amendment to the complaint, claim is made for "considerable permanent damage to plaintiffs' real estate" by the dumping of waste products in an area from which such waste products were washed upon plaintiffs' land by a heavy rain.

A pre-trial conference was held but no order was entered in compliance with Rule 16, F.R.Civ.P. An examination of the reporter's transcript of the proceedings at that conference discloses neither a meeting of minds among the attorneys as to the issues nor any action by the trial court to define such issues. Cities Service emphasizes that one of its counsel repeatedly stated at the trial that the issue was one of permanent injury to real estate because of the operation of the pipeline and it assumes that lack of denial by counsel for the plaintiffs establishes concurrence. Doubt is cast upon this conclusion by the fact that during the trial plaintiffs' counsel requested leave to amend the complaint by striking the word "permanent." The right to amend was denied. If any error occurred in this ruling it has been abandoned by failure to argue it in this court.

We are furnished with an incomplete printed transcript of the trial proceedings. From what is presented to us, it appears that the plaintiffs introduced evidence bearing on oil leaks and damage therefrom and on misconduct and resulting damage in connection with the removal and replacement of a pipeline. Apparently the claim for damage because of the overflow of the refuse at the time of the heavy rains has been abandoned but the uncertainty of the record precludes a positive statement in this regard.

At the conclusion of all the evidence the court ordered a directed verdict in favor of defendant, Cities Service. In so doing the trial judge stated to the jury that the defendant had moved for a directed verdict on the ground that "the statute of limitations had run in the case" and that he thought the motion was good.

To sustain this ruling counsel for Cities Service argue that the action is to recover for permanent injuries to real property caused by the maintenance and operation of the pipeline and since these injuries occurred more than two years before the filing of the complaint the action is barred. Reliance is placed on the decision in McDaniel v. City of Cherryvale, 91 Kan. 40, 136 P. 899, 50 L.R.A.,

---

1. Kan.G.S. § 60–306 (1949).

N.S., 388, wherein it was held that an action for permanent damage to land arising from stream pollution by discharges from a sewage system and from an oil refinery was barred by the two-year statute. The court observed that the structures, the operation of which caused the pollution, were of a permanent nature and during their period of use would continuously injure plaintiffs' land. The court ruled that in such a situation the action must be brought within two years from the first pollution. The rule so announced has been followed by other Kansas decisions involving permanent installations which in their continued operation would adversely and continuously affect the property of the complainant.[2]

Such decisions are not controlling here. We do not have a case of a permanent installation causing a continuing injury. While a buried pipeline for the transportation of oil is a permanent structure, the operation thereof neither ordinarily nor necessarily causes any damage to the land beneath which it is buried. The pipe here was below plow depth and there was no interference with cultivation until a leak occurred.

Kansas has rejected the principle that a pipeline owner has absolute liability for leakage and has held that there is liability only in case of negligence.[3] In such a situation the occurrence of one leak does not start the statute of limitations running to bar actions based on other and different leaks that may occur in the future.

We conclude that the statute does not bar the right to recover for the oil leaks if they occurred or first became apparent or first discoverable by due diligence in the period of two years prior to the filing of the complaint in 1958 and Cities Service was negligent in regard thereto.

Turning now to the evidence, Mr. Maher testified that when he bought the place in 1956 there were oil spots covering about one and one-half acres and that new leaks appeared thereafter and caused damage to about ten acres. A neighbor testified to the observance of a new leak in August, 1956. Witnesses for Cities Service testified that an examination of the oil spots indicated that they resulted from oil leaks occurring more than four years previously. The appearance of oil in 1957 resulted, according to their testimony, from heavy rains which soaked the ground and brought to the surface the oil which had accumulated below the surface from old leaks. Thus the evidence was conflicting as to when the leaks occurred. It was the responsibility of the jury, not the court, to resolve this dispute.[4] The applicability of the statute of limitations follows as a matter of law after the facts are first ascertained.

The record does not disclose on what theory the court deemed that the claim for damages on account of the removal and replacement of the pipe was barred by the statute of limitations and as the case must be reversed we are not going to concern ourselves with the problem. It is sufficient to say that the reasons advanced by Cities Service, in the briefs filed here, to prevent recovery on this phase of the case are such that there must be a decision on the facts before we can consider the legal problems. It is not the function of an appellate court to substitute for the trial court or jury in the determination of factual issues.

Before this cause is again tried the court should define and limit the issues for trial by an appropriate order in compliance with Rule 16.

Reversed.

2. E. g., Lackey v. Prairie Oil & Gas Co., 132 Kan. 754, 297 P. 679; Fulmer v. Skelly Oil Co., 143 Kan. 55, 53 P.2d 825, and Snavely v. Prairie Oil & Gas Co., 130 Kan. 725, 288 P. 541.

3. Todd v. Prairie Pipe Line Co., 108 Kan. 485, 196 P. 623.

4. Bertha Building Corporation v. National Theatres Corporation, 2 Cir., 248 F.2d 833, 836, certiorari denied 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811; Grimm v. Cooperative Electric Power & Light Co., 176 Kan. 630, 272 P.2d 1052, 1053.