Sue **COSTANZA** and Gerald Costanza, Plaintiffs,

v.

Beverly C. **MONTY** and Heritage Mutual Insurance Company, Defendants.

No. 69–C–557.

United States District Court,
E. D. Wisconsin.

May 15, 1970.

Di Renzo & Bomier, Neenah, Wis., for plaintiffs.

Holden, Halvorsen & Bjork, by Robert H. Halvorsen, Sheboygan, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for an order requiring Sue Costanza, hereinafter referred to as the plaintiff, to submit to a physical examination and oral deposition in this district. The plaintiff, while living in this district, was allegedly injured in an automobile accident, for which suit was brought. Subsequent to the accident, the plaintiff moved to Las Vegas, Nevada, and has not returned to this district since. The plaintiff agrees that the defendants have a right to a physical examination of the plaintiff, but denies that she must return to Wisconsin for that purpose.

Rule 35, Federal Rules of Civil Procedure, gives the court power to order the plaintiff's medical examination, but does not provide where the examination should take place. The case law, however, clarifies this point. In Pierce v. Brovig, 16 F.R.D. 569, 570 (S.D.N.Y. 1954), where the plaintiff was a resident of Georgia, but sued in New York, the court said:

"Defendant may have plaintiff examined by a physician in this District. Plaintiff chose this District as his forum. See Anthony v. RKO Radio Pictures, D.C.S.D.N.Y.1948, 8 F.R.D. 422. Plaintiff offers no reason for his inability to come to New York other than the statement that he is financially and physically unable to do so."

The plaintiff in the case at bar also argues that she will be financially burdened if she must travel to Wisconsin, but, as suggested in *Pierce,* such an argument is unconvincing.

In Genevose v. Wheatality Bakery, Inc., 27 Misc.2d 325, 207 N.Y.S.2d 307 (1960), the court ordered the examination to be made in the district where the court sat, in order that the physician would be subject to the jurisdiction of the court, in the event that his testimony was needed at trial. For a general discussion of the court's power to order a physical examination in its district, see Anno. 71 A.L.R.2d 973 (1960).

The plaintiff also argues that the defendants should pay the plaintiff's travel expenses if ordered to return to Wisconsin. The court in Solomon v. Teitelbaum, 9 F.R.D. 515 (E.D.N.Y. 1949), refused a similar request and added:

"Nor does it appear why the plaintiffs, having embarked upon this litigation, should not assume all the incidents thereof which the law contemplates."

Therefore, it is ordered that the defendants' motion to require the plaintiff to appear in Milwaukee, at a mutually acceptable time and place, for the purpose of being orally deposed by the defendants' attorneys, and physically examined by a physician of the defendants' choice, be and hereby is granted.