**Milton S. HANDLOS, Plaintiff,**

v.

**LITTON INDUSTRIES, INC., Defendant.**

**No. 68–C–267.**

United States District Court,
E. D. Wisconsin.

Nov. 24, 1970.

Kersten & McKinnon by Kenan J. Kersten and Arlo A. McKinnon, Milwaukee, Wis., for plaintiff.

Wickham, Borgelt, Skogstad & Powell by Edmund W. Powell, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Litton Industries, Inc., has applied for leave to bring in certain

third-party defendants. Via a written stipulation, the plaintiff has assented to the entry of such an order.

Under Rule 14, Federal Rules of Civil Procedure, it is discretionary with the court whether to allow a third party to be brought in at this late stage of the proceedings. Federal Deposit Ins. Corp. v. National Surety Corp., 13 F.R.D. 201, 202 (E.D.Wis.1950). 3 Moore, Federal Practice, ¶14.05[1], at 507 (1968).

This case was commenced in September, 1968. The first hearing in open court on the status of this case was held on June 26, 1969, and a second such hearing was held on December 15, 1969. At the latter hearing, upon being advised that the parties were still engaged in discovery, the court set May 1, 1970 as the cut-off date for discovery. The court also advised counsel that the case would be set for pretrial shortly after May 1, 1970.

When the case was called for pretrial on May 27, 1970, the court found that the parties had not as yet completed their discovery; therefore, the completion date for discovery was enlarged until the end of 1970. Counsel were advised that no additional extensions would be granted. Counsel were further informed that a pretrial in this case would be scheduled shortly after January 1, 1971, and that the court planned to set the case for trial early in 1971.

It thus appears that even on the present schedule, the case will not be ready for trial until 2½ years after its commencement. The case relates to a transaction that is alleged to have occurred in September, 1967. Under all these circumstances, it is my opinion that the proper exercise of discretion is to deny the defendant's application to bring in additional parties at this late date.

If the defendant, Litton Industries, Inc., were permitted to bring in the Bendix Corporation and Bethlehem Steel Corporation, it is reasonable to anticipate that trial could not be reached early in 1971. Because of the long delay of the trial that would necessarily result from the bringing in of third-party defendants at this time, I conclude that the defendant's application should be denied. Spaulding v. Parry Navigation Co., Inc., 10 F.R.D. 290, 291 (S.D.N.Y. 1950).

Now, therefore, it is ordered that the application for leave to bring in third parties under Rule 14(a), Federal Rules of Civil Procedure, be and hereby is denied.