**Darren ROBB, a minor by Rodney D. Robb and Edith E. Robb, his parents and natural guardians and Rodney D. Robb and Edith E. Robb, in their own right.**

**v.**

**Phoenix M. SALES, M. D., et al.**

**Civ. A. No. 41030.**

United States District Court, E. D. Pennsylvania.

Oct. 5, 1971.

James E. Beasley, Philadelphia, Pa., for plaintiffs.

Francis E. Shields, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

VANARTSDALEN, District Judge.

Defendants have filed a motion to allow the joinder of third party defendants. The cause of action arose on August 9, 1965 and action was instituted on August 25, 1966. The case was tried before a jury commencing on January 28, 1971; on February 10, 1971, the jury, being unable to reach a verdict, was discharged and a mistrial was declared.

This is a medical malpractice action against three doctors who maintained a partnership specializing in obstetrics. They are alleged to have accepted Mrs. Robb for prenatal and obstetrical care. During her pregnancy, she was placed by Dr. Cohn in the medical section of the Albert Einstein Medical Center—Northern Division for a kidney infection. Dr. Cohn is not a party to this action. While Mrs. Robb was confined, she prematurely gave birth to a baby boy, who is severely and permanently handicapped by brain damage occurring at the time of his birth. None of the three defendants personally attended Mrs. Robb during her labor or the delivery of the child.

Defendants seek to join the Albert Einstein Medical Center—Northern Division; Dr. Block—the resident or intern on duty in the maternity section of the hospital; and Eleanor Sistrunk Jones, a nurse on duty in the maternity section who was present with Mrs. Robb during the birth of the child.

On November 14, 1969, ex parte leave was granted defendants to join the Albert Einstein Medical Center—Northern Division as a third party defendant; but on motion of the hospital, this Court by Honorable Harold K. Wood, Judge, dismissed the third party complaint on March 23, 1970. As to the hospital, this present motion sets forth substantially the same reasons as previously advanced. This is the first attempt to join Dr. Block and nurse Jones. Counsel for the hospital, being advised of the motion, has filed a brief in opposition. As to Dr. Block and nurse Jones, the matter is being decided ex parte.

Plaintiffs indicate that if late joinder is allowed, plaintiffs will seek to amend the complaint to file a direct cause of action against the hospital, Dr. Block and nurse Jones. If joinder is permitted, further discovery will undoubtedly be sought and would have to be permitted as to the joined parties. It is conceivable that the joined parties might seek to join still others, such as Dr. Cohn and another nurse shown by the testimony to have attended Mrs. Robb.

Defendants correctly point out that the testimony presented at the first trial establishes sufficient facts to justify a jury in finding that the proposed additional parties were either solely liable,

jointly liable, or liable over to present defendants. Defendants also contend that if they are held liable, the practical difficulties of maintaining an indemnity action against the hospital and/or its employees are almost insurmountable. This contention appears to be accurate.

The case is presently ready for retrial and appears as the fifth case on the trial judge's trial list.

The decision of Honorable Harold K. Wood, Judge, as to the prior application to join Albert Einstein Medical Center —Northern Division should remain controlling. No new circumstances sufficient to alter that decision have occurred. The Court specifically found that although counsel had not been dilatory, there was nevertheless inevitable prejudice to the hospital by reason of the long delay. Those reasons are even more obvious by the additional time that has transpired. Dr. Block and Eleanor Sistrunk Jones had no occasion during the intervening years to take any action to protect against adverse claims, and to force them to do so now would be manifestly unfair. Mrs. Jones testified that there was another nurse on duty with her, whose whereabouts is unknown. Counsel for some of the present parties attempted unsuccessfully to locate the other nurse in the Philippine Islands.

■■ The decision heretofore made by Judge Wood is the "law of the case" barring some altered circumstance making the basis of that decision inapplicable. Industrial Workers of World v. Clark, 128 U.S.App.D.C. 165, 385 F.2d 687 (1967), cert. denied, 390 U.S. 948, 88 S.Ct. 1036, 19 L.Ed.2d 1138 (1968); Naples v. United States, 123 U.S.App.D.C. 292, 359 F.2d 276 (1966). Although the "law of the case" is only a discretionary rule of practice, it is based upon sound policy that when an issue is once decided that should be the end of the matter. United States v. U. S. Smelting Co., 339 U.S. 186, 198–199, 70 S.Ct. 537, 94 L.Ed. 750 (1949). Even though Judge Wood's order was interlocutory,

the reasons for the decision have not changed. To permit that order to be altered would lead to a chaotic situation in which the trial judge could effectively overrule another judge of the same court who had ruled on a pretrial motion. Although two or more judges of this court ruling upon various motions of a given case will now occur only rarely because of the "individual calendar" system in this District, the applicable principle should not thereby be altered.

Joinder of third party defendants, with possible additional cross-claims and/or joinders, would only complicate the issues to be determined by a jury. Considering that the first trial ended by reason of the jury being unable to agree upon a verdict on the basic issues of liability—(the jury could agree on only one of eight special interrogatories on liability)—any additional complexities may make a verdict on re-trial even more uncertain.

The motion for leave to extend the time to join third party defendants and to file a complaint against them will be denied.