FARMERS AND MERCHANTS MU-
TUAL FIRE INSURANCE COM-
PANY, Plaintiff,

v.

Calvin PULLIAM, Defendant,

White Motor Corporation, Defendant-
Appellee,

and

Reliance Mutual of America, Inc.,
Defendant-Appellant,

E. Ray Price & Co., Inc., Third-Party
Defendant-Appellant,

E. Ray Price d/b/a E. Ray Price Com-
pany, Third-Party Defendant.

No. 72–1595.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 29, 1973.

Decided July 13, 1973.

Richard R. Bailey, Oklahoma City, Okl., for appellants.

Norman E. Reynolds, Oklahoma City, Okl., for appellee.

Before BREITENSTEIN, Circuit Judge, DURFEE*, Senior Judge, United States Court of Claims, and DOYLE, Circuit Judge.

DURFEE, Senior Judge.

Defendant-appellee, White Motor Corporation (hereafter White), obtained judgment against defendant-appellant, Reliance Mutual of America, Inc. (hereafter Reliance), and third party defendant-appellant, E. Ray Price & Co., Inc. (hereafter Price, Inc.), in the sum of $8,583.00, together with interest thereon at the rate of ten percent per annum from October 23, 1969, until paid. The principal award was in the amount of an unpaid draft which was one of two checks given White in compromise and settlement of a pending lawsuit involving a loss arising under an insurance policy. Further judgment against Reliance and Price, Inc. was also had for $2,145.00 as attorney's fees for the benefit of White's attorney, Norman E. Reynolds. We affirm the judgment.

In 1966 Calvin Pulliam purchased a new truck-tractor from White, executing a conditional sales contract which required that Pulliam obtain comprehensive insurance coverage on the vehicle with White as loss payee. Pulliam obtained the required coverage from an Oklahoma City insurer, E. Ray Price, d/b/a E. Ray Price Company (hereafter Price) who underwrote the coverage during the policy year ending November 11, 1967. Appellant Price, Inc. is successor to Price, having taken the assets and assumed the liabilities.

Prior to the termination of the aforementioned policy, Pulliam's local insurance agent contacted Price who agreed to see that a renewal policy was issued in the amount of $18,000.00. The cover note renewal policy sent directly to White, the loss payee, named Reliance as the insurer as well as "other participating companies" which were unnamed. Reliance, acting through Price, obtained reinsurance of its coverage on Pulliam's vehicle from Farmers and Merchants Mutual Fire Insurance Company (hereafter F & M). F & M was a Missouri county mutual insurance company which was not authorized to insure or reinsure in Oklahoma the coverage involved here.[1] White had nothing to do with the selection of F & M as a reinsurer and was not advised that Reliance had reinsured a portion of the policy. White relied exclusively on the $18,000.00 insurance coverage acquired from Reliance.

Oklahoma laws hold liable to an insured persons who place coverage with an insurance company unauthorized to cover the risk. 36 O.S. §§ 109, 711, and 1101. The district court found that Price and Reliance knew or should have known that F & M was not authorized to write reinsurance for Reliance on the policy issued by Reliance to Pulliam.[2]

The insured truck was totally destroyed on July 5, 1968 while the renewal policy was in full force and effect. In October 1968 F & M commenced a declaratory judgment action in order to determine liability under the renewal policy. Pulliam along with Reliance, as primary insurance carrier, and White, as loss payee, were joined as defendants. White filed counter and cross-claims. After a pre-trial conference a settlement was effected in October 1969 by Reliance and F & M jointly with White whereby White was to be paid $13,000.00. Two drafts were furnished at the time of final payment, representing a di-

---

\* DURFEE, Senior Judge of the United States Court of Claims, sitting by designation.

1. V.A.M.S. §§ 380.550, 380.570, 380.490 (5), 380.520, and 380.479 RSMO 1969.

2. An issue exists whether F & M's participation was by way of reinsurance or a direct policy. The district court deemed Reliance and Price, Inc. liable for placing coverage with F & M whether direct insurance or reinsurance was involved. We need not reach this issue in order to affirm.

vision of the loss between Reliance and F & M. Reliance and F & M had worked out the division of loss for their own convenience. White had not agreed to or participated in the division. One draft in the amount of $8,583.00 showing F & M as drawer was deposited by White but was dishonored. The other $4,417.00 draft showing Reliance as drawer was deposited by White and did clear.

White diligently attempted to collect the $8,583.00 unpaid draft without success and then sought judgment against both Reliance and F & M for the balance of the settlement amount. Judgment was properly obtained against F & M. Reliance moved to dismiss and for summary judgment and White filed a cross-motion for summary judgment.

At the initial hearing in August 1970 on these motions the issue was raised whether E. Ray Price was acting as the agent of Reliance or Price in obtaining reinsurance from F & M. White was granted leave to join, and did join, Price and Price, Inc. as third party defendants.

The district court made findings and conclusions, ruling in favor of White on three different theories: enforcement of the original insurance obligation; breach of the settlement agreement; and enforcement of the unpaid check. We need only deal with the last mentioned ground for the judgment against Reliance and Price, Inc. in order to affirm.

The district court ruled that for purposes of liability to White, Reliance and Price were indistinguishable. Reliance had the same president, E. Ray Price, as Price. Reliance and Price used the same offices and the same employees. The cover note issued by Price on Pulliam's truck for Reliance was issued from the office jointly used by Price and Reliance. Mail that was received by either entity bore a stamp showing the date of receipt and containing the names of both companies. Reliance and Price used only one file for the Pulliam coverage. Stationery was interchanged between the two companies. The district court concluded:

Reliance and Price are effectively one and the same in regard to the liability to White in that they had only one joint file. E. Ray Price acted for each contemporaneously and without distinguishing his principal; the employees of each acted contemporaneously and without distinguishing the principal; and the companies were operated together for a common purpose without reasonable division of purpose and responsibility.

The district court further found and concluded:

Since under the pre-trial order Reliance stipulated that Reliance and F & M stand in the same relative position as to all other parties save and except as their obligations are governed by contracts or dealings between them, and since the cover note specifically describes Reliance and other participating companies as "the company", Reliance is estopped to assert a distinction between itself and F & M not having offered sufficient proof of contracts or dealings between them to the contrary.

▮ Taken together, these findings and conclusions established that Reliance and Price were estopped from distinguishing themselves from F & M, against which the court had already entered judgment for $8,583.00 as drawer of the unpaid settlement check.

Appellants have failed to raise any error with respect to the foregoing findings and conclusions. We therefore consider claims of error with respect to them as waived. Legg v. Rock Prod. Mfg. Corp., 309 F.2d 172, 173 (10th Cir. 1962); Maher v. Cities Serv. Pipe Line Co., 286 F.2d 313, 314 (10th Cir. 1960).

These uncontested findings and conclusions alone serve as ground for affirmance.

Having found Reliance and Price in effect liable as drawers of the unpaid settlement draft, the district court could award interest and attorney's fees to White. 12A O.S. § 3–122, 12 O.S. § 936.

Appellants argue that the controversy between the parties was settled when Reliance's check to White for $4,417.00 bearing the legend "In full settlement and release of all claims against Reliance Mutual of America, Inc. and E. Ray Price Co. * * *" cleared the bank. Such a contention is directly opposed by the uncontested findings and conclusions of the district court that Reliance and Price were estopped to distinguish themselves from the drawer of the unpaid $8,583.00 check.

Appellants have raised a statute of limitations argument but it comes too late. A statute of limitations is a defense which must be affirmatively pleaded. F.R.Civ.P. 8(c). The defense was not pleaded and an attempt to amend the pleadings to include the defense at the commencement of trial was properly rejected as filed too late and without leave of court. F.R.C.P. 15(a). Moreover, the action was commenced within the applicable period governing written instruments. 12 O.S. § 95.

Finally, appellant Price, Inc. complains that it was improperly joined as a third party defendant: The granting of leave of a defendant to prosecute a third party proceeding under F.R.C.P. 14 rests in the sound discretion of the trial court. United States v. Accord, 209 F.2d 709, 714 (10th Cir. 1954). We find no abuse of discretion. We further find no merit to appellants' claim that they were "faced with a brand new law suit" through amendments allowed to White's cross-complaint alleging failure to pay the full settlement amount.

Affirmed.