Jeanette P. **KOPAN** et al., Plaintiffs,

v.

**GEORGE WASHINGTON UNIVERSITY**
et. al., Defendants,

**C.A. No. 414–73.**

United States District Court,
District of Columbia.

March 27, 1975.

Barry J. Nace, Davis & Nace, Washington, D.C., for plaintiffs.

Denver H. Graham, Brault, Graham, Scott & Brault, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

SIRICA, District Judge.

This matter comes before the Court on the motion of the defendants for leave to file a third party complaint and the motion of the plaintiffs for a definite trial date and/or reassignment. The plaintiffs have filed opposition to the former motion and a hearing was held on February 4, 1975, after which the Court took both matters under advisement.

## I. LEAVE TO FILE A THIRD PARTY COMPLAINT.

This action is a medical malpractice suit growing out of an incident that occurred at George Washington University Hospital in December of 1971. The complaint was filed on March 2, 1973, and the case was pre-tried on August 21, 1974. On January 16, 1975, the defendants filed the instant motion for leave to file a third party complaint against Dr. Clyde P. Reeves, the plaintiff's personal physician. In the accompanying memorandum, the defendants noted that they had just deposed the plaintiffs' medical expert (Harold L. Hirsch, M.D.) on October 9, 1974. Allegedly, he stated that the defendants had been negligent in prescribing and administering Heparin to the plaintiff (a patient) without adequate blood examination and that if Dr. Reeves had concurred in the recommendation of Heparin, he, too, was guilty of negligence.

The defendants alleged that the Heparin treatment had begun on December 1, 1971, and that on the next day Dr. Reeves had visited the patient and noted in her clinical record: "I concur with the above impression of pulmonary embolism LLL *and also with the prescribed treatment.*" (Italics added.) Thus, the defendants argue that Dr. Reeves concurred in the use of Heparin therapy and, in the event the jury finds negligence, he would be liable to the defendants for all or part of the judgment.

The plaintiffs oppose this motion contending that Dr. Reeves is not liable because he was not consulted before the treatment began and he was not the treating physician. Adding that Dr. Reeves is expected to testify for the plaintiffs they emphasize that there is no excuse for the defendants' delay in filing this motion. The case is now two years old, and it was pre-tried five months before the defendants even filed this motion. If the motion is granted the plaintiffs claim that further delay or other prejudice to them may result. The plaintiffs also argue that the Statute of Limitations has now run and they cannot recover from Dr. Reeves should the jury find him liable.

Rule 14 of the Federal Rules of Civil Procedure provides that a third party complaint may be filed by a de-

fendant against any person "who is or may be liable to him for all or part of the plaintiff's claim against him." A motion for leave to file a third party complaint is addressed to the sound discretion of the trial court. See Farmers & Merchants Mutual Fire Insur. Co. v. Pulliam, 481 F.2d 670 (10th Cir. 1973); National Fire Insur. Co. of Hartford v. Keating, 35 F.R.D. 137 (W.D.Pa.1964); see also 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1443 at 208 (1971). Among the factors which must be considered in exercising this discretion are such matters as possible prejudice to the plaintiff, complication of issues in the trial, likelihood of causing delay in the trial, timeliness of the motion to implead, the merit or substance of the third party complaint, and additional expense to the parties.

■ In this case the Court has considered three factors in particular. First, the Court has examined the defendants' reason for the delay in filing this motion and found it unsatisfactory. Rule 14 was designed to increase judicial efficiency and to effectuate a more expeditious administration of justice. It was amended in 1963 to specifically encourage the early filing of third party complaints by permitting it to be done without leave of court during the early stages of litigation. However, if the third party complaint is not filed within a reasonable time, the advantages of impleader may be lost and complication and delay of trial result.

Nineteen months after the plaintiffs filed their complaint and two months after pre-trial was held, the defendants claim they discovered information warranting impleader. But even then the defendants did not file the instant motion for leave to file a third party complaint until more than three months later. No real explanation for the latter delay has been offered. Furthermore, after carefully considering the defendants' motion and memorandum the Court has concluded that the defendants knew all the facts upon which the motion to implead is actually based long before the October deposition in which the speculative opinion was uttered which the defendants claim triggered this motion.

Second, the effect of granting this motion would likely prejudice the rights of the plaintiffs. This two-year old case would probably be further delayed. The plaintiffs' attorney has emphasized that the female plaintiff is quite ill and her rights may be seriously prejudiced by further delay. Also, the plaintiffs' legal strategy and position may be adversely affected by impleading a third party at this late date. Had the defendants filed this motion within a reasonable time both of these difficulties could have been avoided. See Handlos v. Litton Industries, Inc., 51 F.R.D. 300 (E.D.Wis. 1970).

Finally, the Court notes that the third party complaint appears to lack merit, and granting the defendants' motion to have it filed could unnecessarily complicate the issues in this trial. Dr. Reeves was not the treating physician. It appears that the defendants had already treated the patient before Dr. Reeves arrived on the scene. Apparently none of the defendants have even suggested that Dr. Reeves might have been responsible. The one statement by the plaintiff's own expert which the defendants claim triggered this third party complaint was a very speculative response to a hypothetical question, and is a very doubtful basis for a complaint. The charges against Dr. Reeves do not appear to be very substantial, and the advantages of having them tried with this case are certainly outweighed by the complication and delay of the trial that would result if impleader were permitted. Compare Robb v. Sales, 54 F.R.D. 196 (E.D.Pa.1971), aff'd, 478 F.2d 1399 (3d Cir. 1973).

Therefore, the defendants' motion for leave to file a third party complaint is denied.

## II. MOTION TO SET A TRIAL DATE.

The plaintiffs' motion seeking to set a date certain for trial is well taken. It has been two. years since the case was filed, and over six months since the case was pre-tried. Defendants' counsel has indicated that he can be available and ready for trial by late summer. Plaintiffs' counsel appears to be willing to be prepared by such a date. This should provide ample time to complete all remaining preparation for trial. Therefore, it is hereby

Ordered that this case be set for trial on Tuesday, September 9, 1975, at 10:00 a.m.