678

Jeffrey ORTON, a minor by Francis R.
Bannen, as his next friend, and Sandra
J. Livingston, Plaintiff,

v.

Laura MOLKENTIN et al.,
Defendants.

No. 73–C–138.

United States District Court,
E. D. Wisconsin.

Sept. 18, 1975.

Francis R. Bannen, Wisconsin Dells,
Wis., Richard A. McDermott, Milwaukee,
Wis., for plaintiff.

Kluwin, Dunphy, Hankin & McNulty,
by G. George Lawrence, Milwaukee, Wis.,
for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

There are three motions before the
court. The defendants seek an order re-
quiring the plaintiff Jeffrey Orton to
appear in Milwaukee for the purpose of
being orally deposed. The defendants
also have moved to implead three new
parties as third-party defendants. They
have further applied for a summary
judgment which would strike paragraph
V of the complaint and quash any testi-
mony with respect to the plaintiff Liv-
ingston's claim for medical expenses and
loss of services.

The plaintiffs do not oppose the
entry of an order requiring Jeffrey Or-
ton to appear in Milwaukee, but they ob-
ject to that portion of the motion re-
quiring him to so appear at his own ex-
pense. The plaintiffs point out that
Jeffrey Orton, a minor, did not volun-
tarily leave the eastern district of Wis-
consin, and that compliance with the
defendants' motion would be a financial
burden upon him. In my opinion, the
better exercise of the court's discretion

is to grant the defendants' motion and require the plaintiff Jeffrey Orton to appear here, at his own expense. *Costanza v. Monty*, 50 F.R.D. 75 (E.D.Wis. 1970).

■ With reference to the defendants' motion to implead three new parties, it is noted that the instant action relates to an accident which occurred on March 14, 1969, and the present lawsuit was commenced on March 16, 1973. In my opinion, it would be inappropriate to bring in new parties at this late date in the proceedings. Even though counsel for the proposed third party defendants has previously been alerted to this lawsuit, it is my opinion that the addition of new parties at this late date would irresistibly delay the disposition of this lawsuit for an excessively long period of time. The defendants' motion to add new parties will not be granted.

The motion of the defendants for summary judgment with reference to Sandra Livingston's claim for medical expenses and loss of services is based on the defendants' contention that her claim is barred under § 893.205 Wis. Stats. This statute requires the commencement of an action within three years to recover damages for injuries to the person. The mother's claim stems from the injuries sustained by her child, Jeffrey Orton. As noted above, the injury occurred on March 14, 1969, and the action was commenced on March 16, 1973; therefore, the defendants contend that the period of limitations forecloses her claim.

■ In my opinion, the parent's right to recovery for medical expenses is derivative. The parent's claim was preserved because the action was started during the pendency of a petition for the approval of a minor's settlement. *Carey v. Dairyland Mutual Insurance Co.*, 41 Wis.2d 107, 118, 163 N.W.2d 200 (1968).

Therefore, it is ordered that the defendants' motion to require the plaintiff Jeffrey Orton to appear in Milwaukee at his own expense be and hereby is granted.

It is also ordered that the defendants' motion to implead three new parties be and hereby is denied.

It is further ordered that the defendants' motion for summary judgment to strike paragraph V of the complaint be and hereby is denied.