Maria ALBINO, on her own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

The CITY OF CHICAGO; the Board of Health of the City of Chicago; Hugo H. Muriel, M.D., Commissioner of Health; Dr. Leroy P. Levitt, President of the Chicago Board of Health; Dr. Donald Dye, Administrator of Project 502 for the Board of Health of the City of Chicago, Defendants.

No. 81 C 6328.

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1983.

Nelson A. Soltman, Diane Redleaf, Phillip Snelling, Debra Bechtel Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

Stanley Garber, Corporation Counsel for the City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, Chief Judge.

This is a class action against the City of Chicago, the Chicago Board of Health, and officials of the Board of Health. The complaint is based on 42 U.S.C. § 1983 and 28 U.S.C. § 2201 and alleges violations of Title V of the Social Security Act, 42 U.S.C. §§ 701 *et seq.* (1981), the regulations issued pursuant thereto, the Illinois State Plan for Maternal and Child Health, and the due process and equal protection clauses of the fourteenth amendment. Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1343(3) and (4). Plaintiffs seek a declaratory judgment, an injunction and damages.

Two motions now pend before the court. Plaintiffs have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the basis that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. Defendants have moved to implead nine third party defendants. For the reasons discussed below, defendants' motion to implead third party defendants is denied and plaintiffs' motion for summary judgment is granted.

Plaintiff class members are participants in a program operated by the Chicago Board of Health called "Project 502." Project 502 is federally funded under Title V of the Social Security Act, 42 U.S.C. §§ 701 *et seq.* It is designed to provide inpatient delivery and related services free of charge to women whom the Board of Health determines have "high risk" preg-

nancies. To become eligible for Project 502 assistance, women are screened by a medical staff to determine whether they meet "high risk" criteria. If so, they are designated as eligible for inpatient delivery services. They are then assigned to a particular hospital at which they must receive care in order to receive Project 502 funds.

In this case, all of the plaintiff class members were evaluated by the Chicago Board of Health and were found to meet the "high risk" pregnancy criteria. Thus, they were determined to be eligible for free hospital delivery services under Project 502. They were all assigned to and received care at Cook County Hospital. Project 502, however, did not pay their medical expenses. The Chicago Board of Health refused to pay the bills of any Project 502 participants who received care at Cook County Hospital because it claimed that it had an agreement with Cook County Hospital that Project 502 participants would not be charged. Plaintiffs brought this action to recover damages incurred as a result of defendants refusal to pay their expenses and for declaratory and injunctive relief.

### Motion to Implead Third Party Defendants

Defendants have moved to implead nine additional parties: (1) Cook County, (2) Cook County Hospital, (3) Elliot C. Roberts (Director of Cook County Hospital), (4) State of Illinois, (5) Illinois Department of Public Health, (6) William Kumpiners (Director of Illinois Department of Public Health), (7) United States of America, (8) Department of Health and Human Services ("HHS"), and (9) Margaret Heckler (Secretary of HHS). Defendants argue that because of these parties' roles in the administration of Project 502, this case cannot be properly resolved in their absence.

Plaintiffs oppose defendants motion to implead these third party defendants. They contend that: (1) defendants have not justified their delay in bringing the motion; (2) impleading third party defendants could substantially delay and prejudice the reso-

lution of this action; (3) the addition of third party defendants will not serve judicial economy or the convenience of the parties; and (4) defendants have failed to state causes of action against any of the third party defendants.

■ Rule 14 of the Federal Rules of Civil Procedure provides that a third party complaint may be filed by a defendant against any person "who is or may be liable to him for all or part of the plaintiff's claim against him." A motion for leave to file a third party complaint is addressed to the sound discretion of the trial court. *Farmers & Merchants Mutual Fire Insurance Co. v. Pulliam*, 481 F.2d 670 (10th Cir.1973). The timeliness of the motion, as well as the reasons for delay, are among the factors to be considered in determining whether leave to file the third party complaint will be granted. *See Kopan v. George Washington University*, 67 F.R.D. 36 (D.C.Cir.1975). Motions presented on the eve of trial or those that will delay the trial are generally denied. *See e.g. Handlos v. Litton Industries, Inc.*, 51 F.R.D. 300 (E.D.Wis.1970), *Orton v. Molkentin*, 68 F.R.D. 678 (E.D.Wis.1975). Late motions may also be denied if they will prejudice the plaintiff or result in a proliferation of the issues. *Kopan v. George Washington University*, 67 F.R.D. 36 (D.C.Cir.1975).

■ The court has considered these various factors and has determined, in the exercise of its discretion, that defendants' motion to implead third party defendants should be denied. First, it is clear that defendants' motion was not timely filed. It came approximately a year and a half after defendants' answer was due. It was not filed until after plaintiffs had completed their discovery and had filed a detailed motion for summary judgment. Defendants have failed to provide a satisfactory explanation for this delay. As plaintiffs point out, defendants have known of the existence of the proposed third party defendants and their involvement in this action since January 23, 1982. At that time, defendants filed a motion to dismiss plaintiffs' complaint on the basis that these

same parties were indispensible. In a memorandum opinion and order issued April 22, 1982, this court denied defendants' motion on the basis that defendants had not established that those parties "could not be joined if they were found indispensable." The court can find no satisfactory reason why defendants waited approximately a year and a half before moving to implead these defendants.

Further, the court is convinced that the addition of nine additional parties will significantly delay the disposition of this action. Clearly, it will necessitate further discovery and will introduce new issues into the case. This delay is especially unfair to plaintiffs in light of the fact that they have already completed discovery and have filed a motion for summary judgment. Therefore, for the foregoing reasons, defendants' motion to implead third party defendants at this time is denied.

### Motion for Summary Judgment

Plaintiffs' action challenges defendants' refusal to pay their medical bills from Cook County Hospital on several bases. First, plaintiffs contend that defendants have violated Title V of the Social Security Act and the regulations issued pursuant thereto which require recipients of federal Title V funds to reimburse eligible women for medical care. In addition, they contend that defendants have violated similar provisions in the Illinois State Plan for administering Project 502 funds. They have also presented two constitutional challenges to defendants' conduct. First, they contend that denying payment of medical expenses of Project 502 participants who receive care at Cook County Hospital, while reimbursing participants who receive care at other hospitals, violates the equal protection clause of the fourteenth amendment. Second, they argue that defendants' lack of written procedures and failure to provide notice and an opportunity to be heard violates the due process clause of the fourteenth amendment.

■ Plaintiffs have moved for summary judgment on all bases. The court will con-

sider plaintiffs' statutory claim first so that the constitutional issues need not be reached unnecessarily. *Wyman v. Rothstein*, 398 U.S. 275, 90 S.Ct. 1582, 26 L.Ed.2d 218 (1970).

■ Title V of the Social Security Act was enacted to provide for maternal and infant care with a goal of reducing infant mortality rates and preventing mental retardation. It was amended in 1963 to provide funding to states for:

> Any project for the provision of necessary health care to prospective mothers ... who have or are likely to have conditions associated with childbearing which increase the hazards to the health of the mother, their infants (including those which may cause physical or mental defects in the infants) and whom the State or local health agency determines will not receive necessary health care because they are from low-income families or for other reasons beyond their control.

Maternal and Child Health and Mental Retardation Planning Amendments of 1963, Pub.L. 88–156 § 4, 77 Stat. 273 (1963). In order to receive funds, a state must have a plan which complies with the conditions set forth in 42 U.S.C. § 705 (1981). Section 705(a)(6) requires a state plan to "provide for payment of the reasonable cost of inpatient hospital services provided under the plan." The federal regulations issued pursuant to Title V reiterate the statutory language. In addition, they require that treatment and delivery services be available to low income women participating in the high risk pregnancy program and provide that only women not from low income families can be charged. *See* 42 C.F.R. § 51a.128(c)(5) (1981).

■ Plaintiffs argue that defendants' refusal to reimburse them for medical expenses they incurred at Cook County Hospital is in clear violation of this federal statute and these regulations. They maintain that since all plaintiff class members were found eligible for Project 502 assistance, there is no genuine issue of material fact that they are entitled to reimbursement under federal law. Defendants' sole

opposition to plaintiffs' motion for summary judgment is their contention that Cook County Hospital improperly billed Project 502 participants in violation of an agreement with defendants. Defendants contend that because of this agreement they did not have the "authority" to alter an established practice by paying for medical services plaintiffs received at Cook County Hospital.

The court agrees with plaintiffs that defendants are obligated by federal law to reimburse plaintiffs for the costs of their care at Cook County Hospital. Title V requires plans to provide for payment of reasonable costs of inpatient services. The regulations require that treatment and delivery services be available to participants in the plan and that only women not from low income families can be charged. There is no question that plaintiff class members were found eligible by the Chicago Board of Health for Project 502 assistance. Nor is there any question regarding the reasonableness of the cost of the medical care they received at Cook County Hospital. Thus, the court holds that under federal law, plaintiffs are entitled to reimbursement from defendants with Project 502 funds.

The court rejects defendants' contention that there is an issue of fact regarding whether defendants had the authority to pay Cook County Hospital with Project 502 funds. Defendants have presented nothing which indicates that the policy of nonpayment of Cook County Hospital was required either by the state plan or by any state or federal authorities. In addition, the court rejects defendants' argument that defendants' dispute with Cook County Hospital has any impact on plaintiffs' right to relief. This disagreement is between defendants and Cook County Hospital and has no impact on plaintiffs.

For the foregoing reasons, plaintiffs' motion for summary judgment is granted.