### VICIK

v.

### FIRESTONE TIRE & RUBBER CO., INC.

### FIRESTONE TIRE & RUBBER CO., INC.

v.

### JOYCE BEVERAGES, INC.

No. 88 C 705.

United States District Court, N.D. Illinois, E.D.

May 15, 1989.

Colin Smith, Jolie P. Shelton, Burke, Bosselman & Weaver, Chicago, Ill., for third-party plaintiff Firestone.

Lawrence R. Smith, Querrey, Harrow, Gulanick & Kennedy, Ltd., Chicago, Ill., for third-party defendant Joyce Beverages.

## ORDER

BUA, District Judge.

This order concerns the motion of Joyce Beverages, Inc. ("Joyce"), requesting leave to file a fourth-party complaint against Spartanburg Steel Products, Inc. ("Spartanburg"). For the reasons stated herein, Joyce's motion is denied.

Joyce presents its motion to this court more than a year after being brought into this case as a third-party defendant. The parties have conducted considerable discovery and made substantial progress in preparing for trial. Granting Joyce's motion at this late juncture would undoubtedly protract discovery, proliferate the issues, and delay the trial date. The other parties would certainly be prejudiced by this delay.

Nevertheless, this court would be inclined to grant Joyce's motion if Joyce were able to provide a sufficient explanation for its procrastination in seeking to bring Spartanburg into this action. Joyce, however, has failed to adequately justify its delay. The only reason Joyce offers for its procrastination is that third-party plaintiff Firestone Tire & Rubber Co., Inc. ("Firestone") recently amended its third-party action against Joyce to include a negligence count. Joyce claims that Firestone's amendment has caused Joyce to seek recovery from Spartanburg. Under Illinois' Contribution Act, however, Joyce's negligence claim against Spartanburg is not dependent on Firestone's negligence claim against Joyce. Joyce could have raised its negligence claim as soon as it became aware of Spartanburg's potential liability. Since Joyce knew of Spartanburg's role early in the case, there was no reason for Joyce to wait to file its fourth-party complaint until Firestone raised its negligence claim. Therefore, in light of the delay, prejudice, and inconvenience which would result by allowing Joyce to add a fourth party, Joyce's unjustified procrastination will not be tolerated by this court. *See Albino v. City of Chicago,* 578 F.Supp. 1487, 1489–90 (N.D.Ill.1983). Accordingly, Joyce's motion for leave to file a fourth-party complaint is denied.