## BEVEMET METAIS, LTDA., v. GALLIE CORPORATION et al.

District Court, S. D. New York.

Dec. 18, 1942.

Hollander & Bernheimer, of New York City (Sydney J. Schwartz, of New York City, of counsel), for plaintiff.

Shereff Brothers, of New York City (Harry Shereff, of New York City, of counsel), for Pexim Trading Co.

LEIBELL, District Judge.

Jack Penson and Harvey I. Penson, co-partners doing business as Pexim Trading Company, fifth party defendants and sixth party plaintiffs in the above action, have moved for an order transferring this ac-

tion from the non-jury to the jury calendar. The motion is based on all the pleadings and proceedings heretofore had herein and upon two demands for a jury trial heretofore served by the Pexim Trading Company; one, dated October 6th, was served on that date on the attorneys for all parties down to the fourth-party defendant (fifth-party plaintiff); the other, dated October 27, 1942, was served on a fifth-party defendant and two sixth-party defendants.

There is no doubt that the Pexim Trading Company has complied with the requirements of Rule 38 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that the demand for a jury trial was timely served as therein provided.

All the other defendants, as well as the plaintiff, have long since waived their right to a jury trial. Only the plaintiff, Bevemet Metais, Ltda., opposes this motion, and the plaintiff's opposition does not extend to the trial by jury of the issues raised by the fifth-party complaint of Resolute Commerce Co. and the answer thereto of Pexim Trading Company, or by the sixth-party complaint of Pexim Trading Company and the answers thereto of Selikowitz Company and Greenberg Bros. Iron and Steel Corporation. Plaintiff's opposition is limited to the Pexim Trading Company's attempt to impose a jury trial of the issues existing between the plaintiff and The Gallie Corporation, the original defendant.

In support of the motion, the Pexim Trading Company asserts its constitutional right under the Seventh Amendment to the United States Constitution, to have the issues in the case tried by a jury—and proceeds on the theory that an adjudication as to the amount of damages recoverable by the plaintiff against The Gallie Corporation for breach of warranty, will have a direct effect on the claim asserted by the fifty-party plaintiff against the Pexim Trading Company.

The plaintiff urges that the dissimilarity of the terms of the contracts involved in each of the claims, the different measure of damages, the divergent issues involved, and the movants' alleged failure season-

ably to demand a jury trial of the issues in the cases in which it is not an immediate party, as well as the intent of the drafters of the Federal Rules, all militate against any such extension of the right to trial by jury as the Pexim Trading Company has demanded.

Although the summons served upon the Pexim Trading Company called upon it as a fifth-party defendant to serve an "answer to the fifth-party complaint * * * and an answer to the fourth-party complaint and the complaint of the plaintiff, * * * within twenty days * * *," the Pexim Trading Company has served no answer to the plaintiff's complaint. It has served an answer to the complaint of the fifth-party, and in turn has served a sixth-party complaint upon the two sixth-party defendants.

Rule 14(a) does bind the Pexim Trading Company as to the "adjudication of the third-party plaintiff's liability to the plaintiff, as well as of" the Pexim Trading Company's liability to the plaintiff. Therefore, the movant may find that some of the issues presented in the original plaintiff's action will bind him. However, the same rule distinctly provides, as did the summons served upon the Pexim Trading Company, for the service of an answer to the plaintiff's complaint by the subsequent parties defendant. The movant has failed to plead, as required, to the complaint in the plaintiff's action, and he has no standing here to demand a jury trial of the issues raised by plaintiff's complaint and defendant Gallie Corporation's answer thereto. But the movant Pexim Trading Company has seasonably demanded a jury trial, as of right, of the issues raised by its answer to the fifth-party complaint of Resolute Commerce Co. and by the answers of the sixth-party defendants to the movants' sixth-party complaint. This case therefore will remain on the non-jury calendar; but the claims pleaded in the fifth and sixth-party complaints will be severed, pursuant to Rule 42(b), F.R.C.P., for a separate and subsequent trial by jury.

The motion is accordingly denied, except as above indicated. Settle order on two days' notice.