### UNITED STATES v. MONTLACK et al. (LEE–MONT CLOTHES, Inc., Third-Party Defendant).

Civ. A. No. 8549.

United States District Court
E. D. New York.

April 11, 1951.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y., for plaintiff, by Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y.

Brower, Brill & Gangel, New York City, for defendants Montlack & Bieber.

Leo T. Kissam, New York City, for defendant and third-party plaintiff, Fidelity & Deposit Co. of Maryland, Eric Nightingale, New York City, of counsel.

Samuel Sutro, New York City, for third-party defendant.

GALSTON, District Judge.

This is a motion made pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order granting the third-party defendant, Lee-Mont Clothes, Inc., a separate trial of the third-party claim brought against it by Fidelity and Deposit Company of Maryland, a defendant and third-party plaintiff.

The main action was instituted by. the United States against several defendants for alleged breach of contracts for the performance of certain work for the United States Army. The complaint alleges failure to comply with the Walsh-Healy Act, 41 U.S.C.A. §§ 35–45, in the payment of minimum and overtime wages, and in the employment of minors. The defendant and third-party plaintiff, Fidelity and Deposit Company, was, so the complaint alleges, the surety on the contracts involved, having executed performance and payment bonds in connection therewith.

The complaint further alleges that after due hearings before a Trial Examiner, the Administrator of the Wage and Hour and Public Contracts Divisions of the Department of Labor determined, upon the whole record and upon the reports and recommendations of the Trial Examiner, that the de-fendants had breached the contracts and were liable in the sum of $31,423.76. This decision, it is alleged, was reviewed and affirmed by the Secretary of Labor. It is then alleged that the defendants have refused and still refuse to pay the amount as found by the Administrator of the Wage and Hour and Public Contracts Divisions, and demand is made for a judgment against them in the sum stated.

Subsequently, after filing its answer to the complaint, Fidelity and Deposit Company filed a third-party complaint against Lee-Mont Clothes, Inc., alleging contracts of indemnity in which Lee-Mont Clothes, Inc., agreed to indemnify and hold Fidelity harmless from any loss or expense occasioned by the execution of the performance and payment bonds set forth in the complaint in the main action. Lee-Mont Clothes, Inc. filed an answer to the third-party complaint denying liability to Fidelity, and setting up several affirmative defenses directed to the validity of the contracts of indemnity alleged in the third-party complaint.

The main action is, apparently, a non-jury case. In its answer, the third-party defendant makes demand for a jury trial.

Inasmuch as the pleadings indicate that the main action involves issues of fact and of law arising out of the contracts for the performance of work for the Army, and arising out of the administrative proceedings held to determine performance thereunder, and since the impleaded action involves issues of fact and of law arising out of the contracts of indemnity between the third-party plaintiff and the third-party defendant, a severance of the impleaded action would not result in having the same issues tried twice.

If Fidelity should prevail in the main action, the third-party claim would, of course, become moot. Therefore, the determination of the issues in the main action should be tried first.

Among the defenses interposed by the defendants in the main action is that the findings of the administrative officers are not supported by the preponderance of the evidence, as required under the Walsh-. Healy Act. To determine this issue, the

court of necessity must review all of the evidence submitted on the administrative proceedings. Thus a summary determination of the main action is certainly not indicated. In the circumstances, to require the selection of a jury at the outset, thus requiring daily attendance of the jurors selected, although there is no need for their participation in the main action and with the possibility that there will be no call at all for their participation, entails added expense and inconvenience with no apparent compensatory advantages.

If, of course, the situation were reversed, and a jury trial were required in the main action, or both actions were before a jury, the advantages of trying all issues speedily in one trial are evident. There would then be no reason for having a jury sit in suspended animation for an indefinite period of time.

In analogous situations the courts have granted a severance of the issues requiring a jury trial. In Union Central Life Ins. Co. v. Burger, D.C.S.D.N.Y. 1939, 27 F.Supp. 554, a suit in equity was brought to cancel and rescind a life insurance policy. In its answer the defendant, inter alia, set up a counterclaim asking for the amount of the accrued benefits under the policy. The court held that the equity issues should be disposed of first, but granted permission to the defendant to proceed at law in the event that the trial of the equity issue did not end the litigation. In Bevemet Metais, Ltda. v. Gallie Corporation et al., D.C., 3 F.R.D. 352, although the main action was allowed to remain on the non-jury calendar, certain claims pleaded in the fifth and sixth-party complaints were severed, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, for a separate and subsequent trial by jury.

If the issues requiring a jury trial were merely incidental to the main action, or involved a pre-existing right in the sense of requiring an earlier determination, there might be reasons for not severing. Here, however, the legal issues upon which the third-party defendant seeks a jury trial, although ancillary to the main action, certainly are not merely incidental thereto.

Furthermore, the "preexisting rights" here are those set up in the main action rather than those in the third-party claim.

In view of the foregoing, the motion is granted; on condition, however, that the impleaded action be stayed until the non-jury main action is determined.