**UNITED STATES of America,**
**Plaintiff,**

v.

**Selmar A. HUTCHINS, Defendant and Third-Party Plaintiff,**

and

**Pat MULLINS and K. S. Richey, Third-Party Defendants.**

**Civ. No. 68–480.**

United States District Court
D. Oregon.
July 21, 1969.

Sidney I. Lezak, U. S. Atty., Mallory C. Walker, Asst. U. S. Atty., Portland, Or., for plaintiff.

Walter H. Evans, Jr., William D. Peek, Portland, Or., for defendant and third-party plaintiff.

Herbert W. Lombard, Jr., Cottage Grove, Or., John G. Holden, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for third-party defendants.

## OPINION

SOLOMON, Chief Judge:

The United States filed an action against Selmar A. Hutchins under the "anti-kickback" provisions of 41 U.S.C. § 51. Hutchins contracted with the Department of Commerce to repair the North Umpqua Highway. Wilfully and by intimidation, he induced Richey and Mullins, two subcontractors, to "kickback" a portion of their compensation. In March, 1965, Mullins gave Hutchins $475.00. In April, Richey gave Hutchins $1,011.00.

Hutchins has filed a third-party complaint against Mullins and Richey. Hutchins claims that if he is liable to the United States, Mullins and Richey will or may be liable to him because he reimbursed each the amount of the "kickback" payments in April and July, 1966, respectively. Mullins, Richey, and the United States move to dismiss the third-party complaint.

■ The third-party complaint is dismissed. A defending party may implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Rule 14, Fed.R.Civ.P. Rule 14 is a "procedural mechanism." It is available only if the third-party defendant is or may be liable to the third-party plaintiff for the main claim as a matter of substantive law. Kantlehner v. United States, 279 F.Supp. 122, 124 (S.D.N.Y. 1967). Hutchins has cited no cases, and I find none, which give him a reimbursement right against Mullins and Richey for any sum Hutchins is required to pay the United States as a result of the illegal "kickback." "The fact that the third-party claim arises against the same general background as the main claim is not enough to allow application of Rule

14 to independent claims." United States Fidelity & Guaranty Co. v. American State Bank, 372 F.2d 449, 450 (10th Cir. 1967).

■ Hutchins claims he is entitled to prevail because he returned the "kickback" payments after receiving them. The statute conclusively presumes that the cost of a kickback is borne by the United States. This presumption declares "a rule of substantive law." United States v. Jones, 176 F.2d 278, 288 (9th Cir. 1949). Jensen v. United States, 326 F.2d 891 (9th Cir. 1964). The presumption, and the substantive right, attach "upon a showing that a subcontractor paid fees * * * to * * * a prime contractor * * * in connection with the award of a subcontract * *." Hutchins admits that Mullins and Richey paid him fees in connection with the award of a subcontract. Hutchins is liable to the United States for $1,486.00.

This opinion shall constitute findings of fact and conclusions of law under Rule 52(a), Federal Rules of Civil Procedure.