Harold J. DONALDSON, Plaintiff,

v.

UNITED STATES STEEL CORPORATION, Defendant and Third-Party Plaintiff,

v.

James E. WEBECK et al., Third-Party Defendants.

Civ. A. No. 71-170.

United States District Court,
W. D. Pennsylvania.

Aug. 26, 1971.

Blair S. McMillin, Pittsburgh, Pa., for plaintiff.

Thomas Hollander, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is presently before me on the motion of the defendant for leave to bring in third-party defendants. This suit is a claim under the Jones Act, 46 U.S.C. § 688 alleging that the plaintiff suffered injury to or destruction of his auditory system as a consequence of his employ on defendant's vessel.

The defendant now seeks leave to join James E. Webeck, Catherine Ponds and Robert Gibson as third-party defendants pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, and alleges in support thereof that if the defendant is liable for the injuries sustained by the plaintiff, that it is entitled to recover such sum from the third-party defendants whose alleged negligent and reckless operation of a motor vehicle caused the plaintiff's injuries.

Rule 14(a) provides in part that,

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to *him* for all or part of the plaintiff's claim against him * * *." (Italics Supplied).

■ Third-party claims should be allowed where such practice is in " * * * the interests of· judicial economy, convenience, and fairness to the parties will thereby be served." Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62, 68, C.A. 3, 1971. See also, Noland Company v. Graver Tank & Manufacturing Co., 301 F.2d 43, C.A. 4, 1962; Williams v. Skibs A/S Hilda Knudsen, 28 F.R.D. 398 (E.D.Pa.1960).

■ This practice permits adjudication of a claim by the plaintiff against the defendant, and the defendant against the third-party defendant when such claims involve common factual issues. Lyons v. Marrud, Inc., 46 F.R.D. 451 (S.D.N.Y.1968). And the sole criterion of the propriety of the proposed joinder " * * * is whether the third-party defendant may be liable to the third-party plaintiff for all or part of the plaintiff's claim." Gambino v. United Fruit Company, 48 F.R.D. 28, 29 (S.D.N.Y.1969). "A defendant cannot bring in a third party merely because

the third party is or may be liable to the plaintiff," Schnappauf v. Marra, 285 F. Supp. 917, 919 (D.C.N.D.1968), since throughout the course of the litigation the actual and only relationship between the defendant and the third-party defendant is in reality that of a plaintiff and a defendant. *Schwab, supra.*

The third-party plaintiff bases its claim against the third-party defendants in paragraph 3 of the third-party complaint in the following words:

> "If Defendant, UNITED STATES STEEL CORPORATION is adjudged liable to Plaintiff for any sum whatsoever, Defendant, UNITED STATES STEEL CORPORATION is entitled to recover any such sum from Third-Party Defendants above named because of their negligence and recklessness in operating a vehicle on or about February 16, 1970, at or near 5:05 A.M. on the Spears Bridge over the Monongahela River on Interstate 70 in Spears Borough, Washington County, Pennsylvania."

But the plaintiff's action against the defendant as contained in the complaint asserts a claim under the Jones Act. The situs of the claimed action by the plaintiff was on the defendant's vessel. The situs for the third-party claim was in a vehicle at or near Spears Bridge over the Monongahela River in Washington County, Pennsylvania.

We take it that the defendant is claiming that there was an automobile accident in which the plaintiff was injured and that the third-party defendants whom it seeks to join were connected with the automobile accident. In its brief the defendant states the following:

> "The Defendant will show upon the trial of this matter that Plaintiff's auditory system is not damaged in a manner making him incapable of working upon its vessel, and that if such system is damaged as alleged that the damage rendering Plaintiff incapable of working is not the result of the negligence of Defendant but is the result of the negligence of the proposed Third-Party Defendants."

Thus, we have two independent episodes set up by plaintiff's counsel and by defendant's counsel.

 In the present suit, the defendant is attempting to join as third-party defendants individuals involved in a totally independent event, and to transfer the obligation for injuries sustained by the plaintiff to these individuals. What the defendant in essence is alleging is that it is not liable to the plaintiff for the injuries he received, but rather that the injuries were caused by a totally independent occurrence, and that therefore liability should rest squarely on shoulders of the third-party defendants. While our Federal Rules are liberally construed, they do not permit such expansion as to include the joinder of totally unrelated events into one single litigation. Clearly, the requirement of *Schwab, supra,* that the relationship between the defendant, as a third-party plaintiff and the third-party defendants be in reality one of plaintiff-defendant must be met. Under the circumstances of this suit, there is no such relationship between the defendant as a third-party plaintiff and the purported third-party defendants, for no relationship exists between these two parties which would give rise independently to litigation between themselves.

As to the defendant, the fact that the proposed third-party defendants may be responsible, in whole or in part, for the injuries which the plaintiff sustained, are properly matters of defense, and the Rules do not grant third-party plaintiffs the right to attach themselves to individuals who are complete strangers to the events involved in the litigation.

It is here necessary to discuss several cases upon which the defendant relies in order to determine whether or not the defendant's motion is in fact meritorious. In Pennsylvania Railroad Co. v.

Erie Avenue Warehouse Co., 302 F.2d 843, C.A. 3, 1962, the Court allowed contribution in an F.E.L.A. case involving joint or concurring negligence. In the latter case a brakeman had been crushed to death between a moving train and a wall on the warehouse premises. Both the railroad and the warehouse knew that the clearance was dangerously inadequate, and yet the operations continued. "Erie did not discharge its assumed obligation to maintain safe clearances. The railroad, aware of the danger, operated in a way that magnified it." 302 F.2d at 849. Thus, the negligence of both the railroad and the warehouse contributed at least in part to the event which culminated in the death of the brakeman.

In Kennedy v. P. R. R. Co., 282 F.2d 705, C.A.3, 1960, joinder of a third-party defendant was sanctioned in an F.E.L.A. suit against the railroad which joined as a third-party defendant the owner of a private railroad crossing whose negligence in maintaining the crossing was alleged to have been the cause of the plaintiff's injuries.

The defendant also cites Murray v. Haverford Hospital Corp., 278 F.Supp. 5 (E.D.Pa.1968), in support of its motion. Unfortunately, the Opinion Order of the District Court does not recite enough factual matters to enable one to determine what circumstances enabled the Court to conclude that a third-party complaint against the operator of an automobile for injuries to the plaintiff's decedent, would also be proper in a malpractice suit against medical practitioners.

In United States v. Hutchins, 47 F.R. D. 340, 341 (D.C.Or.1969) it was held that Rule 14 "* * * is available only if the third-party defendant is or may be liable to the third-party plaintiff for the main claim as a matter of substantive law." To the same effect is Mitchell v. Duquesne Brewing Co., 34 F.R.D. 145 (W.D.Pa.1963).

Additionally, it might be noted that while the Court in Schwab, supra, gave a more liberal interpretation to Rule 14, it must be borne in mind that the Court concluded that in allowing a defendant as a third-party plaintiff to assert a claim which, although not the subject of the plaintiff's claim arose out of the same occurrence as the original events, it did not so broaden the rule as to eliminate the requirement of some causal connection between the original action and the action brought in the third-party suit. Accordingly, the defendant's motion for leave to join third-party defendants will be denied.