Kenneth K. KEISTER et al.

v.

LAUREL MT. DEVELOPMENT CORP., a/k/a Laurel Mtn. Development Corp., et al.

v.

Eugene M. WILLIS et al.

Civ. A. No. 75–992.

United States District Court, W. D. Pennsylvania.

Feb. 2, 1976.

James C. Evans, Pittsburgh, Pa., for plaintiff.

Frank J. Kernan, Pittsburgh, Pa., for defendants.

### MEMORANDUM

KNOX, District Judge.

This is one of three cases recently brought before this court alleging violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq., [hereinafter I.L.S. Act] arising from the development of Laurel Mountain Village in Somerset County, Pennsylvania. November 17, 1975, the defendants filed an amended third party complaint against the above-named third parties under Rule 14 of the Federal Rules of Civil Procedure. The defendants' theory was that their failure to deliver deeds to the

plaintiffs was due to an abuse of process by the third party defendants in their own suits brought against the defendants in this court. According to the complaint, this abuse of process involved the tying up of defendants' property by injunction and refusal to release deeds for recording during the pursuit of execution remedies in civil action 73–205. The plaintiffs filed a motion to strike the amended third party complaint on November 14, 1975, and on November 17, 1975, the third party defendants filed a similar motion. These two motions will be granted for the following reasons.

Rule 14 of the Federal Rules of Civil Procedure permits third parties to be added to a case under the following circumstances:

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, *for leave* as a third party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.*"

The Rule also states that "any party may move to strike the third party complaint" clearly giving both the plaintiffs and the third party defendants standing to bring their motions.

In the leading case of *Schwab v. Erie Lackawanna Railroad Company*, 438 F.2d 62 (3d Cir. 1971), the plaintiff brought an action against the railroad under the Federal Employers Liability Act and against the owner of the private railroad crossing where a train had collided with a truck. Under Rule 14, the defendants then moved to add the owner of the truck, the estate of the truck driver and the lessor of the truck as third party defendants. In addition, the defendant railroad asserted a "counterclaim" for damages to its locomotive for less than the jurisdictional amount. On appeal, the third circuit held that Rule 14 needs to be read in conjunction with Rule 18(a)

so that a defendant who properly impleads third parties on the theory that they are or may be liable to him for all or part of the plaintiff's claim may also include a separate claim against the impleaded party lacking independent jurisdictional basis. Thus, both the railroad's underlying claim in negligence and its counterclaim for damages to its equipment were sustained.

While the *Schwab* case constituted an expansive view of the scope of Rule 14 third party practice, the court clearly held that it is necessary to demonstrate that the third party defendant "is or may be liable to him [the original defendant] for all or part of the plaintiff's claim". The court found that "the jurisdictional validity of Erie's claim for liability-over has not been questioned and appears not to be in doubt." 438 F.2d at 67.

In the subsequent case of *Donaldson v. United States Steel Corporation*, 53 F.R.D. 228 (W.D.Pa.1971) Rosenberg, J., the court said the following about the *Schwab* case:

> "Additionally, it might be noted that while the Court in *Schwab,* supra, gave a more liberal interpretation to Rule 14, it must be borne in mind that the Court concluded that in allowing a defendant as a third party plaintiff to assert a claim which, although not the subject of the plaintiff's claim arose out of the same occurrence as the original events, it did not so broaden the rule as to eliminate the requirement of some causal connection between the original action and the action brought in the third-party suit."

■ There are several reasons why this third party claim is improper even under the expansive view of Rule 14 followed in this circuit under the *Schwab* case. First, in *Schwab*, all parties agreed that the third party might be liable over in negligence to the defendant should the original FELA claim be successful. In contrast, the court here has grave doubts that the third party defendant could be held liable over to

the defendants in a state claim of abuse of process following an initially successful I.L.S. Act suit. It seems questionable that an abuse of execution procedures, even if established, could excuse a violation of federal law as to plaintiffs herein.

More significantly, these two claims are too unrelated to sustain jurisdiction under Rule 14. It is true that the federal courts have taken an expansive view of the meaning of claims under Rule 14.

> "As pointed out, the purpose of the draftsmen of the Rules was to get away from narrow concepts of the 'cause of action' and to substitute the idea of the claim as a 'group or aggregate of operative facts giving ground or occasion for judicial action'. This concept is important under Rule 14. Rule 14(a), it will be remembered, provides for impleader of a person 'who is or may be liable to . . . [the defending party] for all or part of the plaintiff's claim against him'. If a narrow construction were given to the word 'claim' third-party practice would practically be limited to cases of indemnity; the efficacy of the New York practice was impaired by restrictive constructions of the word 'claim' as used in the statute of that state. Fortunately, the federal courts have not hesitated to give the Rule a liberal interpretation." 3 Moore's Federal Practice 14.07[1], p. 14–203.

Moore further points out that "a long line of decisions allowed impleader, despite a difference in the legal nature of the claims of the plaintiff and the third party plaintiff, *where a single group or aggregate of operative facts was involved.*" 3 Moore's Federal Practice 14.-07[1]. *Schwab* demonstrates how two different legal theories may properly be involved in third party practice—the original claim was under FELA while the third party claim was in negligence. Another example in this circuit is *Jones v. Waterman Steamship Corp.*, 155 F.2d 992 (3d Cir. 1946), where the original claim was in maritime law while the

claim over was in negligence against a railroad.

The above two cases illustrate the typical factual pattern in which federal courts have permitted Rule 14 third party practice—one event which gives rise to double liability, defendant to plaintiff and third party defendant to defendant. Each case involved one accident in which the third party claim was in negligence while the original claim involved a different theory. (FELA in *Schwab*, supra.) (admiralty law in *Jones*, supra.)

Moore cites the following factual pattern as also being typical of the proper type of third party claim. A taxpayer sues the government for a refund, and the government attempts to implead a third party who may be liable for the tax if the taxpayer plaintiff wins its refund. See cases cited at 3 Moore's Federal Practice 14.07[1] p. 14–207–210. A final illustrative Rule 14 case is *American Fidelity and Casualty Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956), in which an excess insurer sought a declaratory judgment against its insured, alleging that it had not received a required notice of injury. The primary insurer was then impleaded on the theory that the latter should have notified the plaintiff of possible liability and further that the primary insurer had negotiated a settlement with the plaintiff in bad faith.

It is clear to the court that the relationship between the claims in this case is much more attenuated than in the above illustrative Rule 14 cases. Or, as Moore puts it "there is not a single group or aggregate of operative facts". The alleged abuse of execution process clearly involves different transaction—a different set of operative facts than do the events surrounding a violation of the I.L.S. Act—fraudulent or illegal sales of parcels of land covered by the federal act.

The courts have continually emphasized the discretion lodged in the trial court under Rule 14. Moore cites the *American Fidelity* case, supra, for this proposition:

> "It is settled that impleader under Rule 14(a) does not require an identity of claims, or even that the claims rest on the same theory. Otherwise the purposes of the Rule would be defeated. Plainly, if the theories differ, the facts supporting each will differ, and the question is what degree of difference will be allowed in the facts relied upon. In answering this question, the purposes of the Rule, including the desire to avoid circuity of actions and to obtain consistent results, must be balanced against any prejudice which the impleaded party might suffer, and these considerations are left to the discretion of the trial court."

See also *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137 (W.D.Pa.1964) (Marsh, J.), also referring to the trial court's discretion under Rule 14.

In sum, this appears to be a proper case in which to exercise this trial court's discretion in favor of striking the third party claim. It is also noteworthy that the third party claim here does not have an independent jurisdictional basis; it is a state claim with no diversity jurisdictional basis in federal court. While such ancillary jurisdiction is appropriate if the requirements of Rule 14 are met, see 3 Moore's Federal Practice 14.26, pp. 14–525–532, the fact that the defendant is asking the court to take over a complicated state law question with entirely different facts and issues raises comity issues and further cautions against an expansive interpretation of Rule 14. In our discretion we determine we should not take jurisdiction of this state claim.

This disposition of the motion to strike renders moot the motion for more definite statement filed by third party defendants.