HORNER MACK TRUCKS, INC., PLAINTIFF, v. CRESCAR CORP. & PENNSYLVANIA MANUFACTURERS INSURANCE CO., DEFENDANTS.

CRESCAR CORP., DEFENDANT AND THIRD-PARTY PLAINTIFF, v. PENNSYLVANIA MANUFACTURERS INSURANCE CO. & CUMBERLAND CONSTRUCTION CO., THIRD-PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided May 15, 1976.

*Mr. Louis Niedelman* for third-party defendant Pennsylvania Manufacturers Insurance Co. (*Messrs. Cooper. Perskie, Neustadter & Katzman,* attorneys).

*Mr. Ronald J. Uzdavinis* for third-party defendant, Cumberland Construction Co. (*Messrs White & Strout,* attorneys).

MILLER, J. C. C., Temporarily Assigned. Third-party defendant Cumberland Construction Co. moves pursuant to *R.* 4:8–1 for dismissal of third-party defendant's Pennsylvania Manufacturers Insurance Co. cross-claim, this being analogous to an original third-party suit, *R.* 4:8–1(b).

This then becomes a motion by a third-party defendant for dismissal of the third-party complaint on the grounds that it is inappropriate to entertain this type of a claim in

a third-party complaint. Succinctly, it may be stated that, whereas the original complaint is in contract upon a note, this third-party complaint alleges loss of the collateral to the note, which loss was allegedly caused by the negligent conduct of the third-party defendant. In short, the question is presented as to whether a defendant in a *contract* action may join an alleged *tort* defendant as a third-party defendant.

Plaintiff asserts a claim based on a default in a security agreement given by defendant for the purchase of a truck, failure to maintain insurance on the truck as required by the security agreement, and on certain book accounts. (In addition, plaintiff sues codefendant Pennsylvania Manufacturers Insurance Co. (PMI) for breach of contractual obligations.)

Third-party defendant alleges in its third-party complaint that the negligence of Cumberland Construction Co. caused the destruction of the vehicle in question.

The applicable rule which covers this situation is *R.* 4:8–1, which provides in part:

* * * a third-party defendant *involving a common question of law or fact arising out of the same transaction or series of transactions as the plaintiff's claim.* [Emphasis supplied]

The reason for the above rule is to prevent complication of the proofs and confusing the jury at the time of trial, circuity of action and to promote the orderly administration of justice.

*R.* 4:8–1 as drawn envisions two tests before a third-party action may be brought. The first part requires the existence of a *common question of law or fact*, a phrase repeated in *R.* 4:38. As the disjunctive "or" is used, the concurrence of both factual and legal elements is not necessary. *Broderick v. Abrams,* 116 *N. J. L.* 40 (Sup. Ct. 1935), *Rowland v. N. Y. Stable Manure Co.,* 88 *N. J. Eq.* 168 (Ch. 1917), *Music Merchants v. Capital Records,* 20 *F.R.D.* 462 (D. N. Y. 1957). The second test requires that the third-party complaint arise from the same transaction or

series of transactions as the plaintiffs claim and has been defined as a relationship or a connection between the matter in controversy, in light of a common history out of which the multiple claims arose. *Metropolitan Cas. Ins. Co. v. Lehigh Valley RR Co.,* 94 *N. J. L.* 236 (E. & A. 1920); *Baldwin Lumber Co. v. Local 560,* 91 *N. J. Eq.* 240 (Ch. 1920), *Galler v. Slurzberg,* 22 *N. J. Super.* 477, 483 (App. Div. 1952) certif. den., 11 *N. J.* 582 (1953).

██ While our rules of practice are and ought to be liberally construed, they do not permit such expansion as to include a joinder of totally unrelated events into one simple litigation. Compare *Donaldson v. United States Steel Corp.,* 53 *F.R.D.* 228 (W. D. Penn. 1971). Entirely separate and independent claims cannot be entered against the third-party even though they may arise out of the same general set of facts as the main claim or be in some way derivative of the outcome of the main claim, *United States v. Joe Grasso & Son, Inc.,* 380 *F.* 2d 749 (9 Cir. 1967).

██ As indicated, the thrust of the rules concerning consolidation, third-party complaints and multiple parties are designed to simplify and make more efficient the administration of justice. Assuming two drivers and four passengers in a two-car collision, it is obvious that except for damages, the primary questions of all facets of this situation may be resolved at one trial, particularly if the case is bifurcated. See *R.* 4:38–2. Here, however, it is equally obvious that it would be inappropriate to try liability on a note concurrently with negligence in an alleged vehicular accident. Not only are the parties not the same but the issues are entirely different, and a scrutiny of the issues to be tried by the jury at once discloses that they are radically different — so different, in fact, that it would invite grave danger of miscarriage of justice to try them together.

In view of the above, the third-party complaint was inappropriate, and the motion to dismiss will be granted. An appropriate order may be presented.