William J. FEINAUGLE, Plaintiff,

v.

The PITTSBURGH AND LAKE ERIE RAILROAD CO., a corporation, Defendant.

Civ. A. No. 82–1743.

United States District Court, W.D. Pennsylvania.

June 13, 1983.

Thomas W. White, Pittsburgh, Pa., Charles A. Collins, Minneapolis, Minn., for plaintiff.

Mark T. Wade, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, William J. Feinaugle, brings this action against defendant, The Pittsburgh and Lake Erie Railroad Company, alleging that defendant's supervisor unreasonably harassed and intimidated him as a means of requiring him to appear as a witness in a co-worker's Federal Employees Liability Act (hereinafter referred to as "FELA") lawsuit. Plaintiff asserts that he was harassed to the point of a heart attack and that defendant's condoning of the supervisor's conduct served to render plaintiff's work place unsafe in violation of the FELA, 45 U.S.C. § 51, *et seq.*

Defendant has filed a motion for permission to join, as third-party defendants,[1] Dennis O. Waters and Ohio Valley Lodge 1161 of the International Association of Machinists and Aerospace Workers, the union that represented plaintiff in his employment. The basic thrust of defendant's motion is that Dennis O. Waters, acting in his capacity as the President of the aforesaid union, told plaintiff that it would not be a good idea for him to appear as a witness in the co-worker's FELA lawsuit; therefore, according to the defendant, the conduct of Waters, acting on behalf of the union, also served to harass the plaintiff. After a careful review of defendant's motion, the Court hereby denies the same.

▇▇▇ The pertinent provision for purposes of this motion is Fed.R.Civ.P. 14(a), which provides in pertinent part as follows:

(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him* .... (Emphasis added).

The purpose of Rule 14(a) is to avoid "circuity of action" and to settle related matters in one litigation. *Tiesler v. Martin Paint Stores, Inc.*, 76 F.R.D. 640, 642 (E.D. Pa.1977); *Stiber v. United States*, 60 F.R.D. 668, 670 (E.D.Pa.1973). However, joinder of third-party defendants under Rule 14 is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court. *Judd v. General Motors Corporation*, 65 F.R.D. 612, 615 (M.D.Pa.1974); *National Fire Insurance Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137, 140 (W.D.Pa.1964). In ruling on a motion to join third-party defendants, the Court is bound by the allegations in the pleadings. *National Fire Insurance Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. at 139.

▇▇▇ The Court acknowledges that a third-party defendant may be joined in an FELA action for purposes of contribution or indemnity to the original defendant (*see Kennedy v. Pennsylvania Railroad Co.*, 282 F.2d 705 (3d Cir.1960)); however, it is not proper to bring in a person or entity as a third-party defendant simply because he is or may be liable to the plaintiff. *Ross v. Erie Railroad Co.*, 18 F.R.D. 9, 11 (M.D. Pa.1955) (FELA action in which the original defendant attempted to place sole liability upon a third-party defendant and failed to allege that the third-party defendant is or may be liable to the original defendant). As this Court has previously noted, as originally promulgated in 1937, Rule 14 permitted the third-party plaintiff to join a person "who is or may be liable to him or to the plaintiff...," but by amendment of 1946, the words "or to the plaintiff" were eliminated. Therefore, it is no longer possible to bring in a person simply because he is or may be liable to the plaintiff. *National Fire Insurance Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. at 139. In essence, "[t]hird-party practice is permitted only where the defendant can show that if he is found liable to plaintiff, the third party will be liable to him." *Tiesler v. Martin Paint Stores, Inc.*, 76 F.R.D. at

---

1. The motion referred to is actually two motions, an original motion filed on January 13, 1983 (docket entry No. 13) and an amended motion filed on February 9, 1983 (docket entry No. 19).

**318**

643. The plaintiff has a right to choose the party against which he desires to institute his action, and the defendant cannot compel the plaintiff to also sue a third party, whom plaintiff does not wish to sue, by asserting in a third-party complaint direct liability between the third-party defendant and the plaintiff. *Railey v. Southern Railway Co.*, 31 F.R.D. 519 (E.D.S.C.1963) (FELA action); *Delano v. Ives*, 40 F.Supp. 672, 673 (E.D.Pa.1941).

 In this action, defendant's motion for permission to join third-party defendants is actually two motions—an original motion and an amended motion which incorporates the original motion. In the original motion, defendant sets forth a brief procedural history and then proceeds to summarize a deposition of the plaintiff, upon which defendant concludes that plaintiff's "injuries were in fact caused solely by the negligent and/or intentional acts of Dennis O. Waters, acting individually and within the scope of his duties as President of Ohio Valley Lodge 1161 of the International Association of Machinists and Aerospace Workers." Motion for permission to join third-party defendants (docket entry No. 13). Moreover, defendant's amended motion incorporates the original motion, further summarizes plaintiff's deposition, and states as follows:

4. The deposition testimony reveals that, at the very least, Dennis Waters stands in the same position as Joseph Johns in that he made statements and veiled threats to plaintiff that made him nervous, fearful and overwrought. If defendant can be liable for such activity, so too, can Dennis Waters and the union local he represented.[2]

Amended motion for permission to join third-party defendants (docket entry No. 19). Defendant's motion and amended motion make no mention of any liability of the third-party to the original defendant; rather, the motions attempt to assert liability directly from a third-party defendant to the plaintiff, which, as discussed above, is an impermissible use of a motion to join third-party defendants. It is plaintiff's right to institute this action, under the FELA, against the defendant, and it will be his burden to show that the defendant has committed the acts complained of and is liable. At the same time, however, the defendant cannot force the plaintiff to also sue Dennis Waters and the union through the filing of a third-party action. Moreover, even if defendant did assert that Waters and the union were liable to it for contribution and indemnity, the Court finds it hard to fathom how Waters and the union could be liable to the defendant for what has been alleged to be an intentional tort, that is, harassment. Accordingly, exercising its discretion under Rule 14(a), the Court denies defendant's motion and amended motion for permission to join third-party defendants.

An appropriate Order will be issued.

---

2. As noted above, the Court is bound by these allegations in ruling on the motion.