**O'MARA ENTERPRISES, INC.,**
**Plaintiff,**

**v.**

**MELLON BANK, N.A., Equibank and Peoples Bank of Western Pennsylvania, Defendants,**

**v.**

**HERITAGE BANK, Third Party Defendant.**

Civ. A. No. 82–1735.

United States District Court,
W.D. Pennsylvania.

Aug. 24, 1983.

David M. Neuhart, Dickie, McCamey & Chilcote, Pittsburgh, Pa., James Carpenter, Columbus, Ohio, Adam Scurti, Steubenville, Ohio, for plaintiff.

Thomas Reilly, Pittsburgh, Pa., for Mellon Bank.

James P. Ross, Pittsburgh, Pa., for Equibank.

Stephen Ross Green, Edward Gamble, New Castle, Pa., for Peoples Bank of Western PA.

Anthony J. Picadio, Pittsburgh, Pa., for Heritage Bank.

## MEMORANDUM OPINION

MANSMANN, District Judge.

This matter comes before the Court on a Motion to Join Fourth-Party Defendant Timothy J. O'Mara ("T. O'Mara"), Vincent M. O'Mara ("V. O'Mara") and James P. O'Mara ("J. O'Mara")[1] by Third-Party Defendant Heritage Bank ("Heritage"). This action was filed by O'Mara Enterprises, Inc. ("O'Mara, Inc.") against the original Defendants Mellon Bank ("Mellon"), Equibank, and Peoples Bank of Western Pennsylvania ("Peoples") alleging that the original Defendants breached their contractual duties to O'Mara, Inc. by improperly debiting O'Mara, Inc.'s checking accounts. Mellon then joined Heritage as a Third-Party Defendant. For the reasons set forth below, Heritage's Motion is granted.

\*   \*   \*

Under Fed.R.Civ.P. 14(a) Defendant "may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the Plaintiff's claim against him." Since this Motion has been filed beyond the ten-day time limitation period when a fourth-party complaint may be served as of right, Heritage must obtain leave of Court before proceeding.

In light of Rule 14, the facts may be summarized as follows:

O'Mara, Inc. alleges in its Complaint that between the last calendar quarter of 1979 and continuing through the first two calendar quarters of 1980, it drew a series of checks for payment of federal income taxes, withholding taxes and social security taxes on its accounts at Mellon, Equibank and Peoples Banks made payable to Heritage, which was to have credited these checks to the trust account of the Internal Revenue Service maintained by Heritage for payroll tax deposits.

---

1. W. Gail Smith ("Smith") is the president of O'Mara Enterprises, Inc. Vincent M. O'Mara, Timothy J. O'Mara, James P. O'Mara, and Terry R. Thompson ("Thompson") hold the positions of vice-president, secretary, treasurer and controller, respectively, in O'Mara, Inc.

O'Mara, Inc. further alleges that its treasurer Thompson and its chairman of the board and president Smith conspired to and diverted funds intended by O'Mara, Inc. for the payment of its taxes to the account of W. Gail Smith d/b/a Gail Smith Development Company ("Development Co."). O'Mara, Inc. contends that Thompson and Smith induced Heritage to deposit said checks into the account of Development Co.[2]

■ It is within the sound discretion of the trial court to grant a motion for leave to file a third-party complaint.[3] *Keister v. Laurel Mt. Development Corp.*, 70 F.R.D. 10 (W.D.Pa.1976); *Kopan v. George Washington University*, 67 F.R.D. 36 (D.D.C.1975); *Judd v. General Motors Corp.*, 65 F.R.D. 612 (M.D.Pa.1974).

■ In the exercise of its discretion the Court must consider, *inter alia*, the following factors: (1) possible prejudice to the Plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the Motion to implead. *Kopan v. George Washington University*, 67 F.R.D. 36, 38; *Judd v. General Motors Corp.*, 65 F.R.D. 612, 615.

Since the purpose of Rule 14 is to reduce multiplicity of litigation, *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 67 (3d Cir.1971), it has been given a liberal construction by the courts, *Williams v. Skibs A/S Hilda Knudsen*, 28 F.R.D. 398, 399 (E.D.Pa.1960); *Hanhauser v. United States*, 85 F.R.D. 89 (M.D.Pa.1979); *McGee v. United States*, 62 F.R.D. 205 (E.D.Pa. 1972).

■ Recovery need not be a certainty, and the third-party complaint should be permitted to stand if under some construction of the facts, it would be a possibility, *Stiber v. United States*, 60 F.R.D. 668, 669, (E.D.Pa.1973) citing 3 MOORE'S FEDERAL PRACTICE ¶ 14.10 at 555.

■ Joinder of the third-party defendant should be permitted when common factual issues are involved. *Donaldson v. United States Steel Corp.*, 53 F.R.D. 228, 229 (W.D.Pa.1971); *Keister v. Laurel Mt. Development Corp.*, 70 F.R.D. 10; *Williams v. Skibs A/S Hilda Knudsen*, 28 F.R.D. 398, 400.

■ The most important criterion to be examined by the Court is whether the third party claim is "dependent on the outcome of the main claim". *Stiber v. United States, supra* at 670; *Donaldson v. United States Steel Corp., supra*, at 229. "The crucial characteristic of a Rule 14 claim is that the original Defendant is attempting to transfer to the Third-Party Defendant the liability asserted against him by the original Plaintiff." *Hanhauser v. United States*, 85 F.R.D. 89, 91.

■ With these considerations in mind, we examine the contentions of the parties.

Heritage alleges in its Answer to Mellon's Third-Party Complaint that O'Mara, Inc. by its negligence substantially contributed to any endorsements which may be unauthorized. Heritage also avers that O'Mara, Inc. was negligent in failing to exercise reasonable care when it received bank statements from the original Defendants and by failing to notify original Defendants of any unauthorized endorsements.

Additionally, Heritage claims that O'Mara, Inc.'s employees supplied O'Mara,

---

**2.** It is alleged that each of the checks in question carried the following endorsement:

Pay to the Order of
The First National Bank & Trust Co.
In Steubenville, Ohio
FOR DEPOSIT ONLY
GAIL SMITH DEVELOPMENT
# 009–9215
/s/ Gail W. Smith

**3.** Impleader is not restricted to the use of the original Defendant but may be utilized by any impleaded party in the same manner as the original Defendant. 6 WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE ¶ 2442 (1st Ed.1971). In *Bevement Metals LTDA v. Gallie Corp.*, 3 F.R.D. 352 (S.D.N.Y.1942) Fifth-Party Defendants and Sixty-Party Defendants had been joined in the case. In *Caplen v. Sturge*, 35 F.R.D. 176, 177 (E.D.Pa.1964) the Motion to vacate Orders granting leave to join Third-Party Defendant and Fourth-Party Defendant was denied.

Inc. with the name of the payee of the checks in issue intending that the named payee have no interest in such checks or the proceeds thereof and/or the person signing on behalf of O'Mara, Inc. did not intend the named payee to have any interest in such checks or the proceeds thereof.

In its Motion to Join Fourth-Party Defendants Heritage contends that T. O'Mara, V. O'Mara, and J. O'Mara as officers and directors of O'Mara, Inc. owed a duty to the corporate Plaintiff to use reasonable care and diligence in carrying out their duties. Those duties were breached when the Fourth-Party Defendants failed, *inter alia*, to properly supervise Thompson, to supervise accounting services and audits, and to act upon knowledge contained in the corporate records. Under such circumstances, Heritage claims that if it is found liable to the Third-Party Plaintiffs,[4] then the Fourth-Party Defendants are jointly and severally liable for contribution and/or indemnity.

O'Mara, Inc. opposes the joinder of the O'Maras and contends that the defenses raised by Heritage are collateral as well as spurious and would only complicate the action. This argument is buttressed by O'Mara's contentions that holding a corporation's directors and officers liable to third parties for failure to establish internal controls to prevent such fraud is a novel theory of law.

\*     \*     \*

With the above standards in mind, this Court in the exercise of its sound discretion finds, for the reasons discussed below, that the presence of the individual O'Maras in this lawsuit is required.

An examination of Heritage's Answer to Mellon's Third-Party Complaint and its Motion to Join Fourth-Party Defendant clearly establishes that Heritage has shown that it meets the major criterion which this Court must consider in order to decide issues based on joinder: Heritage is attempting to transfer liability asserted against it to the O'Maras. Heritage contends that should it

be held liable to Mellon, it would in turn have a claim against the O'Maras.

Under the facts as alleged in Heritage's Answer to the Third-Party Complaint, as well as in its Motion to Join Fourth-Party Defendant, Heritage alleges facts which could provide a basis of liability of the O'Maras to Heritage. It is not a certainty that such liability will be established, for that, of course, is for the fact-finder to determine. Case law only requires that under "some construction of the facts, it would be a possibility." *See, Stiber v. United States*, 60 F.R.D. 668, 669. We find that such a possibility exists.

The presence of the O'Maras could not further complicate the issues at trial beyond the complexity which already exists. As part of their defense, Heritage would require, *inter alia*, the O'Maras as witnesses. Since they will be part of the lawsuit as witnesses on behalf of O'Mara, Inc. as well as for Heritage, this Court does not believe that as *parties* they will introduce elements into the trial which will unduly complicate it.

We next address the broad purpose of Rule 14: to reduce the number of lawsuits. It would not be in the interests of judicial economy to have a trial involving the parties as the lawsuit is now constituted, and then should Heritage be held liable to Mellon, to have a separate trial to determine the liability, if any, of the O'Maras to Heritage.

Finally, this Court finds that a common factual situation is involved: checks were drawn on O'Mara, Inc.'s accounts at Mellon, Equibank, and Peoples and made payable to Heritage; they were endorsed by Smith and deposited in the Development Co. account. Defenses under the Uniform Commercial Code have been raised by Mellon and Heritage in which the O'Maras' negligence is alleged to have contributed to O'Mara, Inc.'s loss. Under this factual situation, we conclude that joinder would be proper.

4. Mellon joins in the Motion and the Brief in support thereof filed by Heritage. Peoples does not oppose the Motion. Equibank takes no position on the Motion.

**672**

For all the reasons discussed above, Heritage's Motion is granted.

An appropriate Order will issue.