**CON–TECH SALES DEFINED BENEFIT TRUST and Synthes (U.S.A.) and Jack R. Loew, individually and as trustee of Con–Tech Sales Defined Benefit Trust**

v.

**Gilbert G. and Virginia D. COCKERHAM, h/w and McCoy R. and Betty J. Cockerham, h/w and McCoy R. Cockerham and Gilbert G. Cockerham, individually and trading as M & G Cockerham and Richard T. Hannig and Louis R. Palitz, and Richard T. Hannig and Louis R. Palitz, trading as Hannig and Rudolph**

v.

**NATIONAL ROLLING MILLS, INC., Hough/Loew Associates, Inc., Bundy Corporation and NRM Investment Company formerly k/a National Rolling Mills Company,**

v.

**WORTHINGTON INDUSTRIES.**

Civ. A. No. 87–5137.

United States District Court,
E.D. Pennsylvania,
Civil Division.

June 1, 1989.

See also 698 F.Supp. 1249.

Robert W. Lentz, Paoli, Pa., for Con-Tech.

Nicholas M. Kouletsis, Philadelphia, Pa., for Synthes.

William H. Mitman, Jr., West Chester, Pa., for Cockerham.

Richard H. Martin, Lawrence J. Bunis, Philadelphia, Pa., for Hannig, Palitz, Hannig & Rudolph.

John C. McNamara, Philadelphia, Pa., for National Rolling Mills, Inc.

Jane M. Shields, Paoli, Pa., for Hough/Loew.

Mary F. Platt, Philadelphia, Pa., for Bundy.

Edward Fackenthal, Norristown, Pa., for NRM Investment.

## OPINION AND ORDER

### VAN ANTWERPEN, Judge.

This action arises out of the alleged disposal of hazardous wastes on property now owned by plaintiffs ("Con–Tech"). In the

instant matter, third-party defendant Hough/Loew Associates ("Hough/Loew") moves to dismiss the third-party complaint of defendants Richard Hannig and Louis Palitz, trading as Hannig & Rudolph ("Rudolph"). For the reasons stated below, we will deny the motion.

*Background*

According to Con–Tech's second amended complaint, in 1986, Con–Tech purchased from Rudolph a parcel of land in Chester County. The land is now identified as Whiteland Business Park. From 1970 until sometime thereafter, the Cockerham defendants ("Cockerham") leased from Rudolph an area in and around Whiteland Business Park. During much of that period, Cockerham engaged in the disposal of wastes, some hazardous, in and around Whiteland Business Park. In September, 1986, after plaintiffs purchased the land, which included property leased to Cockerham, they discovered the waste.

Pursuant to the Comprehensive Environmental Responses, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et. seq.* and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), plaintiffs bring this action to recover the costs of removing allegedly hazardous waste on their property. Plaintiffs also pray for recovery under the Pennsylvania Solid Waste Management Act, 35 Pa.Cons.Stat.Ann. § 6018.601 (Purdon 1988). In addition, plaintiffs raise Pennsylvania common law theories of negligence, failure to disclose a latent defect, public nuisance, and civil conspiracy. Jurisdiction is based on 42 U.S.C. §§ 6972, 9607, and 9613(b), and 28 U.S.C. § 1331. This court has jurisdiction over the state causes of action under principles of pendent jurisdiction.

Defendant Rudolph filed a third-party complaint which third-party defendant Hough/Loew now seeks to dismiss. According to Rudolph's third-party complaint, in 1981 Rudolph entered into an agreement with Hough/Loew to develop Whiteland Business Park. The agreement provided that Hough/Loew would purchase the property for purposes of development, although Rudolph would retain legal title to the property until settlement was made by Hough/Loew with the subsequent purchasers of each subdivided lot. Rudolph seeks recovery from Hough/Loew under theories of contractual and common law indemnification, breach of fiduciary duty, and negligence. Rudolph also raises a CERCLA claim.

*Discussion*

■ Third-party defendant Hough/Loew raise several arguments in support of its motion to dismiss. First, Hough/Loew argues that under F.R.Civ.P. 14[1] and Local Rule 22,[2] the complaint is untimely because third party plaintiffs filed their complaint approximately nine months after filing their original answer. Third-party defendant asserts that because there is no justification for the late filing, we should dismiss the complaint. We will exercise our discretion to allow the tardy filing.

■ When a third party complaint is not filed within the period of time permitted as of right, the court has discretion to permit the filing of the complaint. *Keister v. Laurel Mountain Development Corp.*, 70 F.R.D. 10 (W.D.Pa.1976). In exercising its discretion, the court should consider (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead. *O'Mara Enterprises, Inc. v. Mellon Bank, N.A.*, 101 F.R.D. 668, 670

---

1. F.R.Civ.P. 14 provides that to commence its action, if the third-party plaintiff does not serve its complaint within ten days of serving its original answer, it must obtain leave of court.

2. In pertinent part, Local Rule 22 of the Eastern District of Pennsylvania provides as follows:
   (a) Applications pursuant to F.R.Civ.P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer. If it is made to appear, to the satisfaction of the Court, that the identity of the party sought to be joined, or the basis for the joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the Court in the interest of justice.

(W.D.Pa.1983). Because the purpose of Rule 14 is to reduce the multiplicity of litigation, *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62, 67 (3d Cir.1971), courts have liberally construed it. *O'Mara Enterprises*, 101 F.R.D. at 670; *McGee v. United States*, 62 F.R.D. 205, 209 (E.D.Pa. 1972).

First, we do not find that plaintiffs would be prejudiced by the impleader. A number of parties have recently been added to this action, and plaintiffs have recently filed a third amended complaint. Furthermore, plaintiffs have not filed a response to this motion that would indicate that it is prejudiced. Second, we do not find that the impleader would complicate issues at trial. Rudolph's action does not add an unreasonable number of novel factual or legal issues. Third, the impleader will not delay the trial, as discovery is still in its early stages. Fourth, although the motion is not technically timely, and the justification for the tardy filing is not especially persuasive, this court has treated the time limits for filing a motion for leave to file a third-party complaint as mere guidelines, allowing substantial room for the exercise of discretion. *See Hornsby v. Johns–Manville Corp.*, 96 F.R.D. 367, 369 (E.D.Pa.1982). In the instant matter, Rudolph filed its original motion for leave to file the complaint eight weeks after the expiration of the Local Rule 22(a) ninety-day period, six weeks after receiving the discovery which Rudolph asserts provided the facts that support its claim, and contemporaneously with the answer to plaintiffs' second amended complaint. We agree with Hough/Loew that Rudolph could have filed its complaint in a more timely fashion. However, especially given the still early stage of development of this case, and the lack of prejudice to the plaintiff, the interests of justice suggest that we refuse to dismiss Rudolph's complaint for lack of timeliness.

■ Hough/Loew also argues that we should dismiss the complaint because under F.R.Civ.P. 14(a), joinder is improper. Hough/Loew asserts that allegations of the complaint are either without merit or aver causes of action separate and distinct from plaintiffs' claims against defendant. Rule 14(a) allows a defendant to initiate a third-party action against a person "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." The joinder of a third-party claim is appropriate only where the third-party defendant's liability is derivative or secondary. A third-party defendant can not be joined simply because that party is or may be solely liable to the plaintiff. *Baltimore & Ohio Railroad Co. v. Central Railway Services, Inc.*, 636 F.Supp. 782, 786 (E.D.Pa.1986); *Feinaugle v. Pittsburgh and Lake Erie Railroad Co.*, 595 F.Supp. 316, 317 (W.D. Pa.1983); *Tesch v. United States*, 546 F.Supp. 526, 529 (E.D.Pa.1982). The defendant must show that if he is found liable to plaintiff, the third party may be or will be liable to him. *Feinaugle*, 595 F.Supp. at 317. It is not sufficient that the third-party claim arises from the same transaction. *Baltimore & Ohio Railroad*, 636 F.Supp. at 786. In ruling on the proposed joinder, we are bound by the allegations contained in the pleadings. *Feinaugle*, 595 F.Supp. at 317.

■ After a review of the pleadings, we find that Rudolph's claims against Hough/Loew are derivative of plaintiffs' claims. Specifically, Rudolph's state law claims relate to the plaintiff's claim of failure to disclose a latent defect. Rudolph alleges that if plaintiffs prove that Rudolph should have known of the existence of hazardous substances on the property in question, or should have informed plaintiffs of the existence of the substances, Hough/Loew's breach of its duty to inform Rudolph of any adverse conditions on the property caused the failure. Rudolph contends that the duty arose by virtue of Hough/Loew's position as equitable owner and exclusive manager and developer of the property. Thus, Rudolph seeks indemnification for any liability imposed on them for failing to disclose the defects. Despite our doubts about the ultimate success of this position, it would be inappropriate to deny Rudolph the opportunity to establish the necessary facts to support its claim.

Hough/Loew also argues that Rudolph's claim for indemnification fails to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6) instructs a court to dismiss a case for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The issue is not whether the third-party plaintiff will ultimately prevail, but whether it is entitled to offer evidence to support the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Because granting such a motion results in a determination on the merits at such an early stage of third-party plaintiff's case, " 'we must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the [third-party] plaintiff,' and determine whether, under any reasonable reading of the pleadings, the [third-party] plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 664–65 (3d Cir.1988) (quoting *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985)), *cert. denied,* —— U.S. ——, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).

Hough/Loew contends that Rudolph does not have a contractual right of indemnity because the relevant provision provides no basis for indemnification or contribution. The indemnity clause of the agreement provides as follows:

> [Hough] Loew agrees to indemnify and hold harmless [Rudolph] Partnership from any claims, suits, or damages which may arise due to Loew's actions in developing said premises.

Although on its face it may appear that "actions in developing" do not include a duty to discover defects in the property, the contract could, depending on the circumstances, permit a broader interpretation. It would be inappropriate at this stage to allow only for the most narrow construction of the contract.

Hough/Loew also asserts that Rudolph has no basis for asserting a claim for common law indemnification. Pennsylvania law is clear that a party who is secondarily liable may recover from one who is primarily liable to plaintiff. Common law right of indemnity is a fault-shifting mechanism, available to a defendant who is held liable to a plaintiff by operation of law, but who seeks recovery from the party actually responsible for the loss. *Sirianni v. Nugent Brothers, Inc.*, 509 Pa. 564, 506 A.2d 868, 871 (1986).

In the instant matter, if Rudolph is held liable on a strict liability theory merely because of its ownership of the land, Hough/Loew might be responsible for indemnification for its failure to notify Rudolph of the hazardous substances. Depending upon what facts are established, Hough/Loew's duty could arise from its equitable ownership or from the terms of its agreement with Rudolph. Similarly, if liability is imposed on Rudolph for failure to disclose a latent defect, Hough/Loew might be held primarily responsible by virtue of their equitable ownership of the property and their alleged superior position of knowledge concerning the waste. Hough/Loew argues that it can not be responsible because the dumping ceased before it became involved with the property; however, the pleadings do not conclusively establish that fact. If the dumping occurred during the time that Hough/Loew was equitable owner, and if Rudolph is found liable under CERCLA, Hough/Lowe might be primarily liable as the party who "owned or operated [the] facility at which such hazardous substances were disposed of." 42 U.S.C. 9607(a)(2). Furthermore, even if the dumping did cease, as equitable owner, or as "exclusive manager and developer," Hough/Loew may have been responsible for discovering the waste and informing Rudolph. Thus, because there are circumstances under which Hough/Loew might be held primarily liable to plaintiff, we are compelled to deny Hough/Loew's motion to dismiss.